IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Miles LAUBENHEIMER, attorney at law.

Supreme Court

*No. 81–793–D. Filed November 17, 1981.*
(Also reported in 312 N.W.2d 377.)

**PER CURIAM.**  *Attorney disciplinary proceeding; attorney's license suspended.*

On April 21, 1981, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that Miles Laubenheimer, an attorney admitted to practice in June of 1949, and who practices and resides in Menomonee Falls, was guilty of professional misconduct in his handling of a legal matter without adequate preparation and by his neglect of a legal matter entrusted to him.

The first count of professional misconduct concerns the estate of Jacobson, in which the respondent was appointed personal representative on June 3, 1973, and in which he acted as attorney for the probate of that estate. One of the assets in that estate was a contract for the sale of stock in a lumber and fuel company. During the estate proceedings the last payment under the contract had been made in March of 1975, leaving a balance owing of approximately $40,000. It was alleged that the respondent failed to pursue collection of that balance,

failed to obtain a credit report on the financial status of the debtor and failed to determine if there were any assets of the debtor which could be applied to the outstanding balance owed to the estate. Also in the estate was a 31-acre parcel of land which had been appraised at $165,000. Of the 66 months during which the respondent acted as personal representative, the parcel was listed with a real estate broker for only 31 months. The parcel had been used as security for a loan made by the decedent, and when the decedent defaulted on his obligation in the spring of 1977, the lender commenced a foreclosure action. The respondent failed to enter an answer to the complaint and permitted the property to be sold at a sheriff's sale for $17,000. It was also alleged that the respondent's filing of federal estate tax returns and payment of the tax were late, requiring him to personally pay the resulting penalties and interest. Finally, the respondent allegedly failed to file a Wisconsin inheritance tax return and was surcharged by the court for any penalties and interest which might result.

The second count of professional misconduct alleged in the complaint concerns the respondent's retainer by the personal representative of the estate of Wilson to serve as attorney for the probate of that estate. During August and September, 1979, the personal representative attempted to contact the respondent on an average of five times per week, but the respondent failed to return her telephone calls or to contact her directly. Because the deadline for filing the Wisconsin inheritance tax return was October 15, 1979, commencing about October 10, 1979 the personal representative went to the respondent's office even when the respondent was not present and attempted to work with the respondent's secretary in the preparation of the return. Ultimately, the personal representative was required to retain another attorney to file the return.

The third count of professional misconduct alleged that in September, 1978, an associate attorney in the respondent's firm was retained by two defendants in an action commenced by a bank for collection on a promissory note. After successfully defending a motion for summary judgment in the action, the attorney subsequently left the respondent's employment. Approximately two months later the plaintiff in the case sent written interrogatories and requests for admissions to the respondent's post office box, but the respondent failed to answer them. Two months later, plaintiff's counsel moved the court to compel one of the defendants to respond to the written interrogatories and for judgment in the event that the answers were not forthcoming. The respondent failed to answer them and, pursuant to the motion, the plaintiff was awarded judgment against that defendant. Another attorney was subsequently substituted for the respondent.

The court referred the matter to the Hon. W.L. Jackman as referee pursuant to SCR 21.09(4) (1980). The respondent filed an answer to the complaint in which he alleged that he was no longer in the active practice of law, that he was in the process of closing his practice and that he had assumed a full-time position as president of a bus company. He admitted failing to get a credit report of the debtor in the matter underlying the first count of professional misconduct, but he alleged that he was well-acquainted with the debtor and his financial status at all times material to that matter and denied that he had failed to determine whether the debtor had any assets that could be applied to the balance owing the estate.

As to the second count, the respondent denied knowledge or information as to whether the real estate was listed for only 31 months, denied that the parcel had a

value of $165,000 admitted his failure to answer the complaint and that the property was sold for $17,000 at a sheriff's sale, but he stated that the buyer at the sale also assumed a tax lien of approximately $17,000, that he had made substantial efforts to sell the property and that he obtained a reduction in the value of the property with the Internal Revenue Service to $100,000. He denied late payment of the federal estate tax in the estate, alleging that he timely made an $8,000 tender toward the tax indebtedness. He admitted that he failed to file a Wisconsin inheritance tax return timely and that he paid the resulting surcharge.

On the third count, the respondent admitted the allegations but alleged that the matter was turned over to an attorney in his office and that he assumed the matter was being properly taken care of. He alleged that at a hearing before the district professional responsibility committee the attorney who was substituted for the respondent testified that the action against the respondent's client was indefensible and that answering the interrogatories was immaterial and, in any event, not prejudicial to the client's case. The respondent's answer contains a general statement that the allegations of professional misconduct in the complaint concern matters of judgment and other complexities, rather than any intentional neglect for lack of preparation.

On August 13, 1981, counsel for the Board submitted a report to the referee indicating that the parties had reached an oral stipulation and proposed disposition of the matter to the effect that the respondent would be publicly reprimanded for neglectful conduct, that he would request and accept inactive status in the State Bar for two years, that he would notify clients of his termination to practice and would facilitate and cooperate with arranging other counsel to take over their files

and that he would pay the costs of the disciplinary proceeding, including attorney fees.

A hearing was held before the referee on July 16, 1981, at which the parties reached an oral agreement by which the respondent and his attorney agreed to the imposition of discipline set forth in the Board counsel's report. The referee filed his report and recommendation with the court on August 13, 1981, in which he found that the respondent was neglectful in the handling of the three matters alleged in the complaint, that one of the matters resulted in a malpractice action which was settled by the respondent's insurer, resulting in no loss to the client, that the other matters were the result of poor office administration and the respondent's inability to obtain dependable employes as attorneys in his office, that the respondent was engaged in a business which kept his attention away from the law office, that the respondent is not now and has not been for some time personally engaged in the active practice of law and that none of the clients of the respondent suffered any substantial loss as a result of the respondent's neglect. The referee made recommendations for discipline consistent with the Board counsel's report.

Because the referee's recommended discipline that the respondent be placed on inactive status with the State Bar is not one of the types of discipline set forth in SCR 21.06, we remanded the matter to the referee on September 21, 1981, for a recommendation consistent with that rule. The referee filed his revised recommendation on October 23, 1981, in which he recommended that the license of the respondent to practice law be suspended for two years from the date of that recommendation. We hereby adopt the findings, conclusions and the revised recommendation of the referee.

It is ordered that the license of Miles Laubenheimer to practice law in Wisconsin is suspended for two years, effective the date of this order.

It is further ordered that Miles Laubenheimer notify his clients of his termination of the practice of law and facilitate and cooperate with other attorneys to take over his clients' files.

It is further ordered that Miles Laubenheimer pay to the Board of Attorneys Professional Responsibility within 60 days of the date of this order the costs of the disciplinary proceeding, including attorney fees, in the amount of $1,518.16, provided that if payment is not made within the time specified, the license of Miles Laubenheimer to practice law in Wisconsin shall be revoked forthwith.

COFFEY, J., took no part.