IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Miles LAUBENHEIMER, Attorney at Law.

Supreme Court

*No. 82–1659–D. Filed July 1, 1983.*
(Also reported in 335 N.W.2d 624.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On August 31, 1982, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that Miles Laubenheimer, an attorney admitted to practice in 1949 and who, until his license was suspended by order of the court on November 17, 1981, for a period of two years, practiced in Menomonee Falls, entered into a contract with Attorney William J. Campbell on April 16, 1979, to sell his law practice, including the goodwill and benefits thereof. It was alleged that by the terms of that contract, the respondent and Campbell estab-

lished an employer-employe relationship, but advertisements, stationery letterhead and office signs identified the "firm" as "Laubenheimer and Campbell." The Board alleged that this designation was misleading, as it represented to the public that the respondent was a partner of Campbell, when in fact he was a part-time employe of Campbell, and that such misrepresentation violated SCR 20.04(4) and 20.08(2) and (3). It was also alleged that, pursuant to the sale contract, the respondent transferred some 300 files to Campbell without having notified his clients of the transfer or of the fact that he was no longer a principal in the firm, in violation of SCR 20.16 (1)(b) and 20.04(4), that the transfer of client files without prior notification of the clients constituted a breach of confidentiality, in violation of SCR 20.21(6), 20.22(1)(a) and 40.13, and that the sale contract provided that one-half of all money collected by Campbell on the files commenced by the respondent would be paid to the respondent, with no provision being made for obtaining client consent to the "fee-splitting" arrangement, in violation of SCR 20.13(1)(a).

The Board's complaint also alleged that in early 1979 the respondent failed to file a notice of intent to file a lien claim on behalf of a client by whom he was retained to do so. It was further alleged that the respondent neither investigated the matter nor corresponded with the client after the client had written to him requesting information and asking him to take some action in the matter. It was alleged that such conduct constituted neglect of a legal matter, in violation of SCR 20.31(4).

We referred the matter to Attorney Rudolph P. Regez, Sr., as referee. In his answer, filed on September 22, 1982, the respondent denied knowledge or information sufficient to form a belief as to the allegations set forth in the complaint, with the exception that he denied that

the relationship established by the 1979 sale contract was that of employer-employe.

Following a hearing held in the disciplinary proceeding on January 20, 1983, the referee filed his report and recommendation with the court on April 7, 1983, in which he concluded that the sale of the respondent's practice and transfer of clients' files without appropriate client notification and with the subsequent use of a misleading partnership name violated SCR 20.16(1)(b) and 20.21(6). The referee found that, while no employer-employe relationship existed between the respondent and Campbell, there was no partnership between the two. The referee found, however, that the respondent held himself out as a partner of Campbell and that, although both the respondent and Campbell denied the existence of a partnership, under the sale contract, the partnership name was to continue to be used for four years, all of which the referee concluded was a violation of SCR 20.08(3). On the matter of payments under the contract, the referee found that payments were to be made by Campbell on the basis of a 50-50 split as fees were collected but that this served merely as a means by which Campbell was to pay the agreed-upon amount for the respondent's practice and did not constitute a fee-splitting arrangement.

In the lien claim matter, the referee found that the respondent had turned the matter over to an associate in his office, who neglected to properly file the lien and misrepresented to the client that he had taken appropriate action. Because the respondent had undertaken the responsibility of representing the client, the referee found that he had the continuing obligation to use proper care to safeguard the client's interests, which he failed to do by failing to respond to the client's inquiry and by failing to see that he was properly represented, all in violation of SCR 20.32(3). The referee noted that

the respondent's conduct in this matter occurred prior to the filing of the complaint in the prior disciplinary proceeding against the respondent, *Disciplinary Proceedings Against Laubenheimer*, 104 Wis. 2d 524 (1981), and suggested that the court would not have imposed a more severe sanction on the respondent had this matter been before it at that time. Consequently, the referee recommended that the respondent be severely reprimanded for neglect of the legal matter. For having sold his practice without prior notification to his clients, the referee recommended that the respondent be reprimanded and for having misled the public by improperly holding himself out as a partner with Campbell, for failing to notify his clients that their files were being transferred and for violating his clients' confidences, that he be fined $1,000. The referee noted that, were the respondent not now under suspension, a suspension of his license for such misconduct would be appropriate. The referee also recommended that the respondent be required to pay the costs of the disciplinary proceeding.

We hereby adopt the findings and conclusions of the referee, but we modify his recommendation for discipline. Although our rule, SCR 21.06(3), specifies that attorney misconduct is grounds for the imposition of a monetary payment, it does not authorize the imposition of a fine as a sanction for attorney misconduct. SCR 21.03(5) provides, in part, "Discipline for misconduct is not intended as punishment for wrongdoing but is for the protection of the public, the courts and the legal profession." Consequently, we modify the referee's recommendation for discipline and deem a public reprimand to be appropriate discipline in this matter.

IT IS ORDERED that Attorney Miles Laubenheimer is publicly reprimanded for his unprofessional conduct.

IT IS FURTHER ORDERED that, within 90 days of this order, Miles Laubenheimer pay to the Board of Attor-

neys Professional Responsibility the costs of this disciplinary proceeding in the amount of $2,920.35, provided that if the costs are not paid within the time specified, the license of Miles Laubenheimer to practice law in Wisconsin shall be revoked forthwith.