IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Leslie A. WORTLEY, Attorney at Law.

Supreme Court

*No. 83–1820–D. Submitted on briefs October 1, 1985.—Decided October 23, 1985.*
(Also reported in 374 N.W.2d 898.)

For the appellant, Board of Attorneys Professional Responsibility, there were briefs by *Charles F. Kahn, Jr.,* and *Charles Kahn & Associates,* Milwaukee.

For the respondent, Leslie A. Wortley, there was a brief by *Alan Marcuvitz, David A. Roth* and *Peregrine, Marcuvitz & Peltin, S.C.*, Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; matter remanded for further proceedings.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's recommendation that this disciplinary proceeding be dismissed on the ground that, prior to a hearing on the Board's complaint, Attorney Leslie A. Wortley changed his status in the Wisconsin State Bar (State Bar) from active to inactive, permanently retired from the practice of law as of December 31, 1984, and stipulated to the voluntary revocation of his license to practice law in Wisconsin by consent should he ever again seek active membership in the State Bar. The referee's recommendation for dismissal of the proceeding was expressly conditioned on Attorney Wortley's filing proof of having obtained professional malpractice retirement insurance and his payment of the costs of this proceeding.

We determine that an attorney's change of status in the State Bar from active to inactive does not render moot a disciplinary proceeding pending against that attorney. Consequently, we remand the matter to the referee for further proceedings.

Attorney Wortley was admitted to practice law in Wisconsin in 1940 and practiced in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee in this matter is the Honorable John A. Fiorenza, Reserve Judge.

The Board filed an amended complaint on March 6, 1984, alleging seven causes of action against Attorney Wortley for violations of the Code of Professional Responsibility, SCR Ch. 20. Those alleged violations included his failure to timely conclude probate matters, his

failure to provide an accounting in an estate, his having misled the probate court concerning the cause of the delay in one estate, his having provided false information in another estate, his failure to timely file tax returns and pay taxes in another estate, his having understated income in one of the estates, his failure to maintain records and prepare accurate accountings as personal representative in that estate, his failure to institute legal proceedings on a client's claim, and his having engaged in a pattern of unreasonable delay and neglect in probate proceedings over a period of several years. The Board sought the revocation of Attorney Wortley's license to practice law as discipline for his unprofessional conduct.

Opposing the referee's recommendation for dismissal, the Board contended that the change in Attorney Wortley's status in the State Bar does not render this disciplinary proceeding moot, notwithstanding the fact that Attorney Wortley also stipulated to the consensual revocation of his license in the event he should ever again seek active status in the bar. The Board argued that the protection of the public requires that the disciplinary proceeding continue to a determination of the allegations of professional misconduct and, if appropriate, the imposition of sanction.

In support of its position, the Board cited SCR 10.03 (3) (b), which would permit Attorney Wortley to regain active status in the State Bar merely by notifying the association of his intention to do so. The Board further argued that, although Attorney Wortley would not be entitled to practice law while on inactive status, he would not be prohibited from engaging in law work activity customarily done by law students, law clerks or other paralegal personnel. SCR 22.26(2). The Board also argued that the changing of an attorney's status in the State Bar is not one of the forms of discipline provided by the court's rules and that, therefore, the referee's recommendation is not appropriate. This, however, fails

to take into account that there has been no finding that Attorney Wortley did, in fact, engage in professional misconduct.

Finally, the Board argued that the dismissal of this proceeding would permit Attorney Wortley to avoid the disciplinary process, with a resulting adverse effect on the public's confidence in the legal profession and in the court which regulates it. Because of the nature and extent of Attorney Wortley's alleged misconduct, the Board argued that completion of the disciplinary proceeding is necessary for the protection of the public and the legal system. Permitting him to resign from the active practice of law would, in the Board's view, circumvent the disciplinary process, set a harmful precedent for other attorneys accused of serious violations of the ethical code, and adversely affect the court's efforts to maintain the high standards of professional conduct in the Wisconsin bar.

Attorney Wortley, for his part, maintained that his change from active to inactive status serves the purposes of lawyer discipline, that is, the public will be fully protected by his "permanent retirement" from the practice of law. He acknowledged, however, that his "resignation" from practice permits, rather than requires, the court to dismiss the disciplinary proceeding as moot.

In his brief in this appeal, Attorney Wortley agreed to having his name removed from the State Bar's membership register, if the court should feel this would further the protection of the public. In addition, he stated his willingness to submit his voluntary resignation from the State Bar, pursuant to SCR 10.03(7), as an additional condition of the dismissal of this proceeding. However, Attorney Wortley is apparently not willing to agree to the voluntary revocation of his license, which, under our rules, SCR 21.10(1), would require him to admit he could not successfully defend against the allegations of unprofessional conduct.

We are persuaded by the Board's argument that the dismissal of this proceeding at this stage would undermine the public's and the bar's confidence in the integrity of the legal profession and the court's regulation of it. We established the Board as an arm of the court "to assist in the discharge of the court's constitutional responsibility to supervise the practice of law and protect the public from professional misconduct by members of the bar." SCR Ch. 21, Preamble. As part of our rules and procedures governing disciplinary proceedings, we provided a means by which an attorney may avoid the time and expense of a full disciplinary proceeding, namely, the revocation of an attorney's license by consent, provided the attorney is willing to admit to having engaged in professional misconduct. This procedure is available to Attorney Wortley, should he wish to avoid the expense and potential embarrassment of a disciplinary hearing and published findings of misconduct, if there be any. Also available to him, of course, is the opportunity to exonerate himself of the misconduct charges in the course of the proceeding.

IT IS ORDERED that this matter is remanded to the referee for further proceedings not inconsistent with this opinion.