IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST E.H. SNYDER,
Attorney at Law.

Supreme Court

No. 84–2460–D. Submitted on briefs January 8, 1986.—Decided January 29, 1986.
(Also reported in 380 N.W.2d 367.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

For the appellant, Board of Attorneys Professional Responsibility, there were briefs by *Stephen T. Jacobs* and *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C.,* Milwaukee.

For the respondent, E.H. Snyder, there were briefs by *Alan Marcuvitz, David A. Roth* and *Peregrine, Marcuvitz & Peltin, S.C.,* Milwaukee.

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's recommendation that the respondent, Attorney E. H. Snyder, be permitted to voluntarily resign his membership in the state bar, pursuant to SCR 10.03(7), as appropriate discipline for his unprofessional conduct. That conduct consisted of Attorney Snyder's continued failure to file trust accounts for a period of five years for a trust which he served as trustee, in violation of SCR 20.32(3), and his misappropriation of approximately $17,000 in trust assets and his transfer of those funds to his personal accounts, in violation of SCR 20.04(4) and 11.05. Because the court's rules concerning attorney discipline do not include voluntary resignation from the State Bar of Wisconsin among the types of disci-

pline imposed for professional misconduct, SCR 21.06,[1] the referee's recommendation is improper. We determine that the revocation of Attorney Snyder's license to practice law in Wisconsin is appropriate discipline for his unprofessional conduct.

Attorney Snyder was admitted to practice law in Wisconsin in 1951 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Robert P. Harland.

In the course of the disciplinary proceeding, Attorney Snyder and the Board entered into a stipulation in which it was admitted that Attorney Snyder had been attorney for an estate in which the decedent's will created a testamentary trust. Attorney Snyder was subsequently appointed the sole trustee of that trust, and he acted in that capacity from January 7, 1976, until his resignation on October 25, 1982. The only trust accounts he filed with the court were for the year ending December 31, 1977. In 1982 the circuit court requested that trust accounts be filed with the court, stating that Attorney Snyder would be removed as trustee if the accounts were not filed. Attorney Snyder continued to fail to file trust accounts, and on October 25, 1982, the court permitted him to resign as trustee.

The attorney appointed to succeed Attorney Snyder as trustee discovered that some trust account funds had not been accounted for, and it was subsequently determined that $16,848.04 had been transferred from the trust to the personal accounts of Attorney Snyder without

---

[1] SCR 21.06 provides: **"Types of discipline.** Misconduct is grounds for one or more of the following types of discipline:

"(1)  Revocation of license to practice law (disbarment).

"(2)  Suspension of license to practice law, including the imposition of conditions upon seeking reinstatement of the license.

"(3)  Monetary payment.

"(4)  Public or private reprimand.

"(5)  Conditions upon the continued practice of law."

any legal basis for such transfer. On March 21, 1983, the circuit court approved a voluntary settlement between the trust and Attorney Snyder under which Attorney Snyder paid the trust $30,000 to reimburse it for missing funds and lost interest, to return legal fees previously paid to him and to contribute to a portion of the successor attorney's legal fees.

On the basis of the stipulated facts, the referee concluded that Attorney Snyder's failure to file trust accounts constituted neglect of a legal matter, in violation of SCR 20.32(3), and that his transfer of trust funds to his personal accounts constituted misappropriation of client funds, in violation of SCR 20.04(4). Although the referee made no reference to the rule proscribing the commingling of client funds with those of a lawyer, we conclude that Attorney Snyder's transfer of trust funds to his personal accounts also violated SCR 11.05.

In making the recommendation that Attorney Snyder be permitted to voluntarily resign his membership in the state bar, the referee noted that Attorney Snyder had made full restitution prior to the commencement of the disciplinary proceeding, that he had no prior history of unprofessional conduct, that he fully cooperated with the Board in this disciplinary matter, that he had transferred all of his legal matters to other counsel, and that he had no intention of practicing law in the future. In addition to recommending that Attorney Snyder be permitted to voluntarily resign from the state bar, the referee recommended that he be prohibited from applying for reinstatement of his license for a period of two years and that he be required to pay the costs of this proceeding.

The Board, citing SCR 21.09(5),[2] argued that, because

---

[2] SCR 21.09(5) provides: "The referee shall, within 30 days of the conclusion of the hearing, file with the clerk of the supreme court a report stating his or her findings and disposition of the complaint or

the referee did not recommend the dismissal of the disciplinary complaint or recommend the suspension of Attorney Snyder's license or the continuation of his practice under specified conditions for medical incapacity, the referee's only alternative was to recommend a form of discipline provided by SCR 21.06. In support of its position, the Board cited *Disciplinary Proceedings Against Laubenheimer,* 113 Wis. 2d 680, 335 N.W. 2d 624 (1983), in which the court specifically held that only those types of discipline provided by SCR 21.06 are permitted. In *Laubenheimer,* the court rejected as improper a referee's recommendation that an attorney pay a fine, as such discipline was not provided for in SCR 21.06. The Board further contended that Attorney Snyder's misappropriation of client trust funds warrants discipline more severe than what a voluntary resignation from the bar would constitute.

The Board asserted that the issue of appropriate discipline in this matter has been conclusively determined by the court's holding in *Disciplinary Proceedings Against Wortley,* 126 Wis. 2d 58, *374* N.W. 2d *898* (1985). There the court held that the referee's recommended dismissal of the disciplinary complaint conditioned upon the respondent's retirement from the practice of law was improper. The court further held that if the attorney had wanted to discontinue the practice of law and not contest the allegations of misconduct, the proper procedure

---

petition by recommendation of dismissal or imposition of discipline as provided in SCR 21.06 or suspension or conditions upon the continued practice of law for medical incapacity. The board or the attorney may file an appeal of the referee's report with the supreme court within 20 days of the filing of the report. If no appeal is timely filed, the supreme court shall review the referee's report and determine appropriate discipline in cases of misconduct and appropriate action in cases of medical incapacity and may, on it own motion, within 30 days of the expiration of the time for appeal, order the parties to file briefs in the matter or extend the time in which it may order briefs. The supreme court's final disposition of disciplinary and medical incapacity proceedings shall be published in the official publications specified in SCR 80.01."

would have been to submit to a voluntary revocation of his license, pursuant to SCR 21.10.[3]

In his brief, Attorney Snyder stated that he had never requested that the referee include in his recommendation the condition that he not be permitted to apply for reinstatement of his license for a period of two years. Rather, he affirmed that he has permanently retired from the practice of law and would have no objection to a condition that he has no right to apply for reinstatement at any time.

Attorney Snyder also argued that, in light of his having offered at the disciplinary hearing to resign from the practice of law, close his office and turn over all legal matters to other counsel, the referee's recommendation that he be permitted to resign from the practice of law constituted a dismissal of the disciplinary proceeding. However, this argument is not supported by the record. In his report, the referee considered two alternative dispositions: revocation of Attorney Snyder's license by consent, pursu-

---

[3] SCR 21.10 provides: "**Revocation of license by consent.** (1) An attorney who is the subject of an investigation or formal complaint for possible misconduct may file a petition for the revocation of his or her license. The attorney shall state in the petition the charges which are the subject of the investigation or formal complaint and that the petition is submitted because he or she could not successfully defend the charges. Before the filing of a formal complaint, the petition shall be filed with the board, and the board shall review the petition and make its recommendation to the supreme court. Following the filing of a formal complaint, the petition shall be filed with the referee, and proceedings on the petition shall be conducted under SCR 21.09(4) and (5).

"(2) An attorney who is the subject of an investigation or formal petition for possible medical incapacity may petition for the revocation or suspension of his or her license. The attorney shall state in the petition the charges which are the subject of the investigation or formal petition. Before the filing of a formal petition, the petition shall be filed with the board, and the board shall review the petition and make its recommendation to the supreme court. Following the filing of a formal petition, the petition shall be filed with the referee and proceedings on the petition shall be conducted under SCR 21.09(4) and (5)."

ant to SCR 21.10, which requires the attorney to admit that he has no defense to the allegations of unprofessional conduct, and voluntary resignation from the state bar. It is clear that the referee did not recommend the dismissal of this proceeding.

Attorney Snyder next contended that other jurisdictions permit the resignation of an attorney who has been found to have engaged in unprofessional conduct where the purposes of a disbarment or a suspension may be fully satisfied and the ends of justice served. He contended that the primary purposes of attorney discipline, namely, to ascertain the moral fitness and professional competence of an attorney and to protect the public interest, will be served if he is permitted to resign rather than have his license revoked. He attempted to distinguish *Wortley, supra,* on the basis that in that case there had been no finding with respect to the attorney's misconduct. Here, however, the referee made such findings. Attorney Snyder therefore contended that *Wortley* held only that an attorney would not be permitted to retire from the practice of law or resign from the state bar prior to findings having been made on the merits of the disciplinary proceeding.

The precise issue in *Wortley* was whether an attorney's change of status in the state bar from active to inactive, coupled with his permanent retirement from the practice of law, rendered moot a disciplinary proceeding pending against that attorney. The court held that it did not. In this case, however, that issue does not arise. Rather, the issue is whether the court should accept a voluntary resignation from the state bar as a disposition of an attorney disciplinary proceeding in which the attorney was found to have engaged in unprofessional conduct.

We reject Attorney Snyder's request that we exercise our discretion and permit him to resign from the practice of law rather than revoke his license. It would be inappropriate for the court to permit an attorney to resign from

the practice of law in order to avoid the imposition of discipline for unprofessional conduct. We note that, at any point in the disciplinary proceeding prior to the referee's filing of his report and recommendation, Attorney Snyder could have petitioned for the voluntary revocation of his license, pursuant to SCR 21.10. He elected not to do so.

We accept the referee's findings of fact and conclusions of law, but we do not accept the recommendation that Attorney Snyder be permitted to voluntarily resign from the state bar as appropriate disposition of this disciplinary proceeding. We determine that appropriate discipline for Attorney Snyder's misconduct is the revocation of his license to practice law in Wisconsin.

IT IS ORDERED that the license of E. H. Snyder to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney E. H. Snyder pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Attorney E. H. Snyder comply with the provisions of SCR 22.26 concerning the requirements of a person whose license to practice law in Wisconsin has been revoked.