263 Wis.2d 109 (2003)
2003 WI 92
665 N.W.2d 168
IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Francia M. EVERS, Attorney at Law:
OFFICE OF LAWYER REGULATION, Complainant,
v.
Francia M. EVERS, Respondent.
No. 02-2147-D.
Supreme Court of Wisconsin.
Opinion Decided July 2, 2003.
*110 The Court entered the following order on this date:
Attorney Francia M. Evers has filed a petition for consensual license revocation under SCR 22.19. She is currently the subject of a disciplinary proceeding commenced by the Office of Lawyer Regulation (OLR). A referee has been appointed but no hearing has been held. Attorney Evers submits under SCR 22.19(2) that she cannot successfully defend against the allegations of the OLR complaint.
The allegations of the complaint consist of the following. First, with reference to the conversion of approximately $4,900 that Evers was supposed to give to a client, Eloise Frazier, Evers is charged with one count in violation of SCR 20:8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation), one count in violation of SCR 20:1.15(a) (failure to hold property of a client in trust, separate from the lawyer's own property), one count in violation of SCR 20:1.5(c) (failing to put a contingency fee agreement in writing), one count in violation of SCR 20:1.15(b) (failure to promptly deliver to a client funds that the client was entitled to receive), and one count in violation of SCR 22.03(6) (willfully making a misrepresentation in a disclosure to OLR). Second, with reference to Evers' failure to repay checks issued to Lura Carson, an acquaintance, for checks drawn on Evers' business account which eventually bounced, even though Carson obtained a small claims judgment against her, Evers is charged with one count in violation of SCR 20:8.4(c). Third, with reference to a failure to properly handle bankruptcy filing fees for clients Joy Nellum, Eli and Joan Hollingsworth Harrington, and Jewel Thomas, *111 Evers is charged with two counts in violation of SCR 20:8.4(c), one count in violation of SCR 20:1.15(a), and one count in violation of SCR 20:3.3(a)(1) (knowingly making false statements of fact to a tribunal).
In addition, OLR is also investigating additional misconduct allegations against Evers which consist of the following. First, violations of SCR 20:1.15(a) and SCR 20:1.15(e) (failure to maintain complete records of trust account funds and other trust property). Second, with respect to Evers' role as the personal representative of the estate of Paula Moore Allen, violation of SCR 20:8.4(c). Third, with respect to Evers' representation of Daniel Curry regarding a post-divorce matter, violation of SCR 20:8.4(c). Fourth, with respect to Evers' representation of LaShawn Roscoe regarding a claim against a business, violation of SCR 20:8.14(c). Fifth, with respect to Evers' representation of Karl and Dawn Brien regarding a personal injury matter, violation of SCR 20:8.4(c). Sixth, with respect to Evers' representation of Walter Gladney in a criminal matter, violation of SCR 20:8.4(c). Seventh, with respect to Evers' representation of James Phillips in a worker's compensation matter, violation of SCR 20:8.4(c) and SCR 20:1.15(a). Eighth, with respect to Evers' representation of Billy Stubbs in a personal injury matter, violation of SCR 20:8.4(c). Ninth, with respect to Evers' failure to pay Professional Rehabilitation Services, Inc. for services rendered, violation of SCR 20:3.4(c) (knowingly disobeying an obligation under the rules of a tribunal) and SCR 20:1.15(d) (treating disputed property as trust property until there is an accounting and severance). Tenth, with respect to Evers' representation of Maurice Ward in several divorce-related matters, violation of SCR 20:8.4(c) and SCR 20:1.18(a) (entry into a business transaction with a client or conduct adverse to a client).
*112 Upon review of this matter, and notwithstanding its concern over Attorney Evers' refusal to admit to the accuracy of all of the allegations in the pending complaint, and the qualifying language used in the petition, the court accepts Attorney Evers' concession that she cannot successfully defend herself against the allegations of misconduct either in the complaint that has been filed or with respect to those additional matters currently under investigation by OLR.
IT IS ORDERED that the petition for consensual license revocation is granted.
IT IS FURTHER ORDERED that the license of Francia M. Evers to practice law in Wisconsin is revoked effective the date of this order.
IT IS FURTHER ORDERED that Evers shall comply with the requirements of SCR 22.26 relating to activities following revocation.
IT IS FURTHER ORDERED that the pending OLR motion under SCR 22.21(1) seeking temporary suspension of Evers' license is dismissed as moot.
Bradley, J., dissents. See Disciplinary Proceedings Against Wortley, 126 Wis. 2d 58, 62, 374 N.W.2d 898 (1985) (revocation by consent can occur "provided the attorney is willing to admit to having engaged in professional misconduct").