In the Matter of Disciplinary Proceedings Against
Thomas A. Robinson, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Thomas A. Robinson, Respondent.

Supreme Court

*No. 2006AP2786–D. Decided February 6, 2007.*

2007 WI 17

(Also reported in 726 N.W.2d 896.)

¶ 1. PER CURIAM.   We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Thomas A. Robinson pursuant to SCR 22.12[1] requesting this court to suspend Attorney Robinson's license to practice law in Wisconsin as reciprocal discipline identical to that imposed by the Supreme Court of Illinois.

¶ 2.   Following the filing of the OLR's complaint, this court issued an order requiring Attorney Robinson to show cause, in writing, pursuant to SCR 22.22(3)[2] why the imposition of discipline identical to that imposed in Illinois would be unwarranted. The parties thereafter filed the present stipulation.

---

[1] SCR 22.12 provides:   Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 22.22(3) provides:   Reciprocal discipline.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

50

¶ 3. According to the stipulation, Attorney Robinson became licensed to practice law in Illinois in 1980 and was subsequently admitted to practice in Wisconsin in 1987. Attorney Robinson most recently practiced in Illinois. His license to practice in Wisconsin has been suspended since June 5, 2000, for failure to comply with mandatory continuing legal education (CLE) requirements.

¶ 4. In the stipulation Attorney Robinson acknowledges that the Supreme Court of Illinois suspended his license to practice law in that state for a period of one year, effective October 11, 2006. According to the Illinois disciplinary records, which were incorporated into the OLR's complaint and acknowledged in the stipulation, Attorney Robinson's professional misconduct that led to his suspension involved his representation of the executor of an estate. Specifically, Attorney Robinson was found to have committed professional misconduct consisting of conversion; failure to deliver promptly client funds that the client is entitled to receive and to render an accounting of such property; making a statement of material fact to a tribunal that he knew or reasonably should have known was false; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaging in conduct prejudicial to the administration of justice; and engaging in conduct which tends to defeat the administration of justice or bring the courts or the legal profession into disrepute.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

¶ 5. With respect to the court's order to show cause, Attorney Robinson states in the stipulation that he does not claim that any of the conditions listed in SCR 22.22(3)(a)-(c) prevent the imposition of reciprocal discipline in this case. Attorney Robinson and the OLR therefore jointly request that Attorney Robinson's license to practice law in this state be suspended for a period of one year. The stipulation properly provides that Attorney Robinson did not enter into the stipulation because of plea-bargaining, that he understands the misconduct allegations and the ramifications of the stipulated level of discipline, that he understands his right to contest the matter and to consult with and retain counsel, and that he is nonetheless entering into the stipulation knowingly and voluntarily.

¶ 6. Following the filing of the stipulation, the OLR filed a statement requesting that costs not be imposed under SCR 22.24 in this matter because the OLR's costs are minimal, Attorney Robinson had always cooperated fully with the OLR's investigation, and Attorney Robinson's prompt entry into a comprehensive stipulation prior to the appointment of a referee had prevented the OLR from incurring any unnecessary costs.

¶ 7. Based upon our independent review, we determine that the SCR 22.12 stipulation should be accepted and Attorney Robinson's license to practice law in Wisconsin should be suspended for one year as reciprocal discipline to that imposed by the Supreme Court of Illinois. We also agree with the OLR's request that costs not be imposed under the particular facts of this case.

¶ 8. IT IS ORDERED that the license of Thomas A. Robinson to practice law in the State of Wisconsin is suspended for a period of one year, effective the date of this order.

¶ 9. IT IS FURTHER ORDERED that Attorney Robinson shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.