782 N.W.2d 98 (2010)
2010 WI 37
In the Matter of Petition/Notice of Voluntary Resignation from the State Bar of Wisconsin: Thomas A. ROBINSON.
Supreme Court of Wisconsin.
Decided May 18, 2010.

PETITION/NOTICE OF VOLUNTARY RESIGNATION OF ROBINSON
The Court entered the following order on this date:
On December 16, 2009, Attorney Thomas A. Robinson filed a petition to voluntarily surrender his Wisconsin license to practice law. On January 25, 2010, the Office of Lawyer Regulation (OLR) filed an objection to Attorney Robinson's petition on the ground that his law license is currently under a disciplinary suspension.
Attorney Robinson was licensed to practice law in Illinois in 1980. He was admitted to practice law in Wisconsin in 1987. Attorney Robinson states he discontinued his Wisconsin practice in 1999 and closed his Illinois practice in 2000. According to his petition, he currently resides in Las Vegas, Nevada.
Effective October 11, 2006, the Supreme Court of Illinois suspended Attorney Robinson's license to practice law for one year. On February 6, 2007, Attorney Robinson's license to practice law in Wisconsin was suspended for one year as reciprocal discipline. See In re Disciplinary Proceedings Against Robinson, 2007 WI 17, 299 Wis.2d 49, 726 N.W.2d 896. Attorney Robinson's professional misconduct in Illinois involved his representation of the executor of an estate. Attorney Robinson was found to have committed misconduct consisting of conversion; failure to deliver promptly funds the client was entitled to receive and to render an accounting of such property; making a statement of material fact to a tribunal that he knew or reasonably should have known was false; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaging in conduct prejudicial to the administration of justice; and engaging in conduct which tends to defeat the administration of justice or bring the courts or the legal profession into disrepute. Id., ¶ 4.
In addition, Attorney Robinson's license to practice law in Wisconsin has been suspended since June 2000 for failure to comply with mandatory continuing legal education requirements. Attorney Robinson's license to practice law in Wisconsin has not been reinstated.
The OLR objects to granting Attorney Robinson's petition for voluntary resignation while his license is under a disciplinary suspension. The OLR contends the *99 petition for voluntary resignation is inconsistent with a goal of lawyer regulation, which is to protect the public. See In re Disciplinary Proceedings Against Snyder, 127 Wis.2d 446, 380 N.W.2d 367 (1986) (voluntary resignation is inappropriate disposition of disciplinary proceedings). The OLR submits that to be entitled to resign voluntarily, Attorney Robinson should be required to complete the reinstatement of his license. See SCRs 22.29-22.33.
The OLR notes that Attorney Robinson's status as listed on the State Bar of Wisconsin's website provides public notice that his law license is suspended for discipline. The OLR argues that if Attorney Robinson were permitted to resign voluntarily, his name would be removed from the State Bar's membership register. Consequently, the OLR says, the public notice afforded by the State Bar listing would be unavailable to persons checking Attorney Robinson's background, including admission authorities in other jurisdictions, unless the inquirer would know where and how to obtain this information.
The OLR points out that Attorney Robinson's petition fails to disclose his disciplinary suspension. The OLR argues that Attorney Robinson could attempt readmission to the practice of law in this state without meeting the requirements for reinstatement from his disciplinary suspension.
Supreme court rule 10.03(7) governs the voluntary resignation of state bar membership. It provides:
Voluntary resignation of membership. If a member of the state bar files with the executive director a written notice of the member's surrender of his or her license to practice law and the acceptance by the supreme court of his or her resignation in the state bar, the person shall then cease to be a member of the state bar and his or her name shall be removed from the membership register. Before accepting a resignation, the supreme court shall request from the office of lawyer regulation information concerning whether the attorney is the subject of any pending grievances, investigations, or proceedings.
Supreme court rule 10.03(7) does not require reinstatement of a suspended license as a condition of voluntary resignation of bar membership. The OLR does not contend Attorney Robinson is the subject of any pending grievance, investigation, or proceeding. While we agree with the OLR that voluntary resignation is an inappropriate disposition of a pending disciplinary proceeding, Snyder, 127 Wis.2d 446, 380 N.W.2d 367, no disciplinary proceeding against Attorney Robinson is now pending in this state.
Although Attorney Robinson's license to practice law in Wisconsin has not been reinstated, we note the one-year term of suspension has expired. Because Attorney Robinson's previous discipline is published, information concerning his professional misconduct is available to the public in the Wisconsin Reports. In addition, the OLR maintains a record of disciplinary proceedings and makes the record available through its website. We are satisfied the publication of Attorney Robinson's disciplinary history in the Wisconsin Reports, along with the information available through the OLR, provide sufficient information to the public for its protection. We conclude the OLR has failed to demonstrate that reinstatement of Attorney Robinson's license to practice law in Wisconsin is a prerequisite to voluntary resignation of state bar membership following the term of his disciplinary suspension.
IT IS ORDERED that Attorney Thomas A. Robinson's petition for voluntary resignation while under a disciplinary suspension is granted.
*100 IT IS FURTHER ORDERED that this order be published in the Wisconsin Reports.