# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP1826-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Michael W. Steinhafel, Attorney at Law: |
| | Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>Michael W. Steinhafel,<br>        Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST STEINHAFEL

---

| | |
|---|---|
| OPINION FILED: | November 26, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | ZIEGLER, J., did not participate. |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP1826-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Michael W. Steinhafel, Attorney at Law:**

**Office of Lawyer Regulation,**

      Complainant,

    v.

**Michael W. Steinhafel,**

      Respondent.

**FILED**

**NOV 26, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. On June 26, 2013, Referee Richard C. Ninneman issued a report recommending that Attorney Michael W. Steinhafel be declared in default, concluding that Attorney Steinhafel engaged in multiple counts of professional misconduct, and recommending that his license to practice law in Wisconsin be suspended for four months.

¶2 We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. Due to

Attorney Steinhafel's repeated failure to appear for or participate in a deposition, rescheduled deposition, and status conferences, we declare him to be in default. We further conclude that the seriousness of his misconduct warrants the suspension of his license to practice law in Wisconsin for a period of four months. We also agree with the referee that the full costs of the proceeding, which are $2,638.99 as of July 16, 2013, should be assessed against Attorney Steinhafel.

¶3 Attorney Steinhafel was admitted to practice law in Wisconsin in 1989. He practiced in Milwaukee. During the course of the proceedings, Attorney Steinhafel stated he has not practiced law in years and has no intention of practicing law again.

¶4 On August 16, 2012, the Office of Lawyer Regulation (OLR) issued a complaint against Attorney Steinhafel alleging seven counts of misconduct. Four of the misconduct counts arose out of Attorney Steinhafel's representation of S.R. in a Milwaukee County divorce proceeding. While the divorce was pending, S.R. wanted to sell one of her two income properties. In order for the sale to take place, her husband, C.R., had to execute two affidavits waiving his interests in the property. In exchange for signing the affidavits, an agreement was reached between Attorney Steinhafel and C.R.'s attorney, Dana Gimbel, that any proceeds from the sale would be held in trust by Attorney Steinhafel pending a determination of the parties' respective interests.

2

¶5 The sale of S.R.'s income property closed in September 2006. Contrary to the agreement regarding disposition of the sale proceeds, the entire amount of the sale was directly distributed to S.R. and none of the funds were ever placed in trust.

¶6 In November of 2007, while the divorce was still pending, S.R. wanted to sell a second income property. An agreement similar to the one regarding the sale of the first property was made between Attorney Steinhafel and Attorney Gimbel. On November 30, 2007, the proceeds of the sale of S.R.'s second income property were deposited into the trust account of the Schroeder Group Law Firm, the firm that employed Attorney Steinhafel at the time. On December 21, 2007, contrary to the agreement entered into between Attorney Steinhafel and Attorney Gimbel, the entire amount of the sale proceeds was distributed to S.R.

¶7 At the divorce hearing, Attorney Gimbel informed the court the parties had reached a stipulation, and that part of the stipulation was that the proceeds from the sale of the two properties were being held in Attorney Steinhafel's trust account. Attorney Steinhafel was present at the trial, but did not inform the court or Attorney Gimbel that the funds were not in fact in his trust account and had already been distributed to S.R.

¶8 The OLR's complaint alleged the following counts of misconduct with respect to Attorney Steinhafel's representation of S.R.:

3

COUNT ONE. By failing to provide notice of the receipt of sale proceeds to adverse counsel, [Attorney] Steinhafel violated SCR 20:1.15(d)(1).[1]

COUNT TWO. By failing to hold the sale proceeds in trust, [Attorney] Steinhafel violated SCR 20:1.15(d)(3).[2]

COUNT THREE. By disbursing the sale proceeds to his client in direct contradiction of an agreement he made with adverse counsel, [Attorney] Steinhafel violated SCR 20:8.4(c).[3]

COUNT FOUR. By continuing to misrepresent to adverse counsel in court that he was holding sale

---

[1] SCR 20:1.15(d)(1) states:

Notice and disbursement. Upon receiving funds or other property in which a client has an interest, or in which the lawyer has received notice that a 3rd party has an interest identified by a lien, court order, judgment, or contract, the lawyer shall promptly notify the client or 3rd party in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, the lawyer shall promptly deliver to the client or 3rd party any funds or other property that the client or 3rd party is entitled to receive.

[2] SCR 20:1.15(d)(3) provides:

Disputes regarding trust property. When the lawyer and another person or the client and another person claim ownership interest in trust property identified by a lien, court order, judgment, or contract, the lawyer shall hold that property in trust until there is an accounting and severance of the interests. If a dispute arises regarding the division of the property, the lawyer shall hold the disputed portion in trust until the dispute is resolved. Disputes between the lawyer and a client are subject to the provisions of sub. (g)(2).

[3] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

proceeds in trust, [Attorney] Steinhafel violated SCR 20:8.4(c).

¶9 The OLR's complaint also alleged that in November of 2006, D.C. hired Attorney Steinhafel to represent him in a small claims action. D.C. said he signed a fee agreement and paid Attorney Steinhafel an advance fee of $1,500.

¶10 D.C. filed a grievance with the OLR on March 2, 2011, saying that Attorney Steinhafel had failed to diligently pursue his case, failed to communicate with him, and failed to respond to his request for a refund of the advanced fee and the return of his documents. Attorney Steinhafel sent a response to the OLR saying he had tried to locate D.C.'s file at his former law firm, but was unable to do so, and that he had lost contact with D.C. after he left the law firm where he was affiliated in October 2007 and did not take the file with him to his new law firm. Attorney Steinhafel further told OLR that after he became aware of D.C.'s request for a refund of fees, he promptly sent a check representing a refund of all fees. The OLR's complaint alleged the following count of misconduct with respect to Attorney Steinhafel's representation of D.C.:

> COUNT FIVE. By failing to provide his client with notice of his move from one law firm to another, by failing to inform his client of his apparent termination of his representation and by failing to provide his client with a refund of the unearned portion of the advance fee more than five years after payment, [Attorney] Steinhafel violated of [sic] SCR 20:1.16(d).[4]

---

[4] SCR 20:1.16(d) provides as follows:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable

5

¶11 The OLR's complaint also alleged that on October 29, 2009, Attorney Steinhafel was the subject of a traffic stop which led to a felony charge against him of operating while under the influence of an intoxicant, third offense, with a minor child in the vehicle, and misdemeanor charges of operating with a prohibited blood alcohol concentration, third offense, and operating a motor vehicle after revocation. On July 19, 2010, Attorney Steinhafel pled guilty to the felony charge. The remaining charges were dismissed and read-in at sentencing.

¶12 Attorney Steinhafel did not provide written notice of his conviction to the OLR within five days of the finding of guilt. Attorney Steinhafel's counsel in the OWI case did inform the OLR of Attorney Steinhafel's guilty plea and sentencing in a letter to the OLR dated September 23, 2010.

¶13 The OLR's complaint alleged the following counts of misconduct with respect to the felony conviction:

COUNT SIX. By engaging in conduct leading to a felony criminal traffic conviction, [Attorney] Steinhafel violated SCR 20:8.4(b).[5]

---

to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

COUNT SEVEN. By failing to provide written notice of his finding of guilt in a criminal case within five days, [Attorney] Steinhafel violated SCR 21:15(5).[6]

¶14 On November 8, 2012, Attorney Jon E. Fredrickson filed a notice of appearance and an answer to the complaint on behalf of Attorney Steinhafel. In March 2013 Attorney Frederickson moved to withdraw as counsel for Attorney Steinhafel. The referee granted that motion.

¶15 Attorney Steinhafel failed to appear for a scheduled deposition on April 24, 2013. He again failed to appear for a rescheduled deposition on May 14, 2013. The OLR filed a motion for sanctions which was to be heard on May 13, 2013. That date was changed to a telephone scheduling/status conference. Attorney Steinhafel failed to be available by telephone on May 13. After Attorney Steinhafel failed to appear for his rescheduled deposition on May 14, 2013, the OLR filed a second motion for sanctions which was scheduled to be heard on June 6, 2013. Following another telephone conference between the OLR's retained counsel, Attorney Steinhafel, and the referee, the

---

[6] SCR 21.15(5) provides:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

7

June 6 hearing was changed to another telephone status conference. Attorney Steinhafel again failed to make arrangements to participate in the June 6 telephone conference. In an order dated June 6, 2013, the referee set the OLR's second motion for sanctions to be heard on June 19, 2013. Attorney Steinhafel failed to appear in person, but did call in and participate by telephone.

¶16 At the June 19, 2013 hearing, the referee granted the OLR's motion for sanctions, struck Attorney Steinhafel's answer to the complaint, and recommended that a default judgment be entered. The referee found the OLR proved all of the allegations in its complaint by clear, satisfactory, and convincing evidence. The referee recommended that Attorney Steinhafel's license to practice law be suspended for four months, as requested in the OLR's complaint, and that all costs of the proceeding be assessed against Attorney Steinhafel. Attorney Steinhafel has not filed an appeal from the referee's report and recommendation.

¶17 In light of Attorney Steinhafel's repeated failure to appear for scheduled depositions, status conferences, and hearings, we deem it appropriate to strike his answer to the OLR's complaint and declare him in default.

¶18 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's

recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶19 There is no showing that any referee's findings of fact are clearly erroneous. Accordingly, we adopt them. We also agree with the referee's conclusions of law that Attorney Steinhafel violated the various rules of professional conduct as alleged in the OLR's complaint. We agree with the referee that a four-month suspension of Attorney Steinhafel's license to practice law in Wisconsin is an appropriate sanction for his misconduct. Because this case presents no extraordinary circumstances, we further determine that Attorney Steinhafel should be required to pay the full costs of this matter. See SCR 22.24(1m) (supreme court's general policy upon a finding of misconduct is to impose all costs upon the respondent attorney). We note the OLR is not seeking restitution.

¶20 IT IS ORDERED that the license of Michael W. Steinhafel to practice law in Wisconsin is suspended for a period of four months, effective January 6, 2014.

¶21 IT IS FURTHER ORDERED that Michael W. Steinhafel shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶22 IT IS FURTHER ORDERED that within 60 days of the date of this order, Michael W. Steinhafel shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶23 IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement. See SCR 22.28(2).

¶24 ANNETTE KINGSLAND ZIEGLER, J., did not participate.