IN the MATTER OF the DISCIPLINARY PROCEEDINGS
AGAINST Steven P. SRENASKI, Attorney at Law.

Supreme Court

*No. 81–321–D.  Submitted on briefs January 7, 1982.—*
*Decided January 18, 1982.*
(Also reported in 314 N.W.2d 359.)

For the Board of Attorneys Professional Responsibility the cause was submitted on the briefs of *Stewart G. Honeck* of Milwaukee.

For the respondent the cause was submitted on the brief of *Steven P. Srenaski,* of Manitowoc.

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license suspended.*

This is an appeal from the report and recommendation of the referee that the respondent be publicly reprimanded for unprofessional conduct and that he be required to pay the costs of these disciplinary proceedings.

On February 18, 1981, the Board of Attorneys Professional Responsibility (Board) filed a complaint with this court alleging that the respondent, who was admitted to practice law in Wisconsin in 1974, and who practices in Manitowoc, was guilty of unprofessional conduct in his representation of two clients who had hired him to secure registration of a trade name and a trademark and to prosecute an application for a patent. The clients requested that the respondent contact a named patent attorney in Chicago, Illinois, to make necessary patent search and application, and in May, 1980, they delivered original patent drawings and a product description to the respondent for safekeeping and copying for use in the patent application procedure. The Board alleged that the respondent subsequently misrepresented to his clients that he had registered the trademark and trade name in the office of the Secretary of State of Wisconsin and that they were available for their use. He later acknowledged to the clients that he had written to a Madison, Wisconsin, attorney whom he proposed to substitute for the Chicago attorney, and he misrepresented to them that he had forwarded the drawings and product description to that attorney. The respondent showed the clients copies of purported correspondence with a Chicago law firm concerning the patent matter, but the clients later learned that the Chicago law firm had received no such correspondence. The respondent agreed to meet with the clients to explain his misrepresentations, but he failed to appear at the appointed time and place.

The complaint also alleged that when the Board wrote to the respondent notifying him of the grievance it had received from the clients, the respondent failed to answer. A second letter was sent to the respondent on De-

cember 16, 1980, specifically requesting a written response to the grievance, but the respondent did not reply.

We referred the matter for hearing to the clerk of circuit court for Manitowoc county and appointed James A. Martineau of Marinette as referee, pursuant to SCR 21.09 (4) (1980). The respondent did not answer the complaint, and at the scheduling conference before the referee he admitted the allegations of the complaint and did not contest the entry of a default judgment. During that hearing the respondent commented on the factual allegations of the complaint, and the referee stated that, in his opinion, the respondent's denials were "either equivocations or downright not true . . . ." The referee concluded that the respondent was guilty of professional misconduct by neglecting a legal matter entrusted to him, in violation of SCR 20.32(3) and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4). The referee also concluded that the respondent's wilful failure and refusal to cooperate with the Board in its investigation of the matter and failure to make a full and fair disclosure of all facts and circumstances pertaining to the subject of the grievance constituted violations of SCR 21.03(4) and 22.07(2). The recommendation of the referee that the respondent be publicly reprimanded for his unprofessional conduct was based on his belief that, in light of the respondent's age, education and association with a respected law firm, a suspension of the respondent's license to practice law would be too harsh.

The Board appealed from the referee's report and argues that a period of suspension of the respondent's license to practice law is appropriate discipline in this case for the reason that the respondent was not guilty of neglect, but rather of overt acts of fraud and deceit. Also, because the referee found that the respondent's comments on the misconduct were either equivocations or

not true and because the respondent neither acknowledged the wrongness of his conduct nor cooperated in any way with the Board in its investigation, the Board states that there is no indication that the respondent will not engage in similar misconduct in the future. The Board takes the position that a period of suspension of his license to practice law is appropriate in order to provide him a reasonable period for rehabilitation and to assure the public that such professional misconduct will not be condoned.

In his brief, the respondent argues that the referee's recommendation for discipline is entitled to great weight before this court, absent a showing of abuse of discretion on his part. This is incorrect. Where there are no factual matters in dispute, no special deference need be given to the conclusions reached by the referee or to the discipline he recommends. *Disciplinary Proceedings Against Norlin,* 104 Wis. 2d 117, 130, 310 N.W.2d 789 (1981). The respondent also argues that his misconduct did not amount to fraud for the reason that there was no showing that his statements, which were admitted to be false, were in fact relied on or acted upon by his clients to their detriment. However, false statements may constitute dishonesty, deceit and misrepresentation under SCR 20.04 (4) even though the clients may not have relied on them to their detriment.

We agree with the referee's conclusions that the respondent has violated SCR 20.32 (3) by reason of his neglect of a legal matter entrusted to him, SCR 20.04 (4) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, SCR 21.03 (4) by wilfully failing and refusing to cooperate with the Board in its investigation of the matter, and SCR 22.07 (2) in failing to make a full and fair disclosure of all facts and circumstances pertaining to the subject of the grievance. As to

the discipline recommended by the referee, we believe that the professional misconduct in this case is of sufficient gravity to warrant discipline more severe than a public reprimand.

It is ordered that the respondent's license to practice law in this state is suspended for 90 days, commencing March 1, 1982.

It is further ordered that on or before April 30, 1982 the respondent pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $373.96. In the event the costs are not paid within the time specified, the respondent's license to practice law shall be suspended forthwith.