## IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST James C. SCHALOW, Attorney at Law. †

Supreme Court

*No. 84–1709–D. Submitted on briefs April 30, 1986.— Decided June 12, 1986.*

(Also reported in 388 N.W.2d 176.)

† Motion for reconsideration denied July 28, 1986, with costs. ABRAHAMSON J., took no part.

For the appellant, James C. Schalow, there were briefs by *Roland J. Steinle, Jr.,* Milwaukee.

For the Board of Attorneys Professional Responsibility there was a brief by *John A. Nelson* and *Purtell, Purcell, Wilmot & Burroughs, S.C.,* Milwaukee.

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license revoked.*

Attorney James C. Schalow appealed from the referee's report in which the referee concluded that Attorney Schalow had engaged in unprofessional conduct in two matters and recommended that his license to practice law in Wisconsin be revoked. That misconduct consisted of dishonest and fraudulent dealings with a client in one matter and with persons who were not clients in the other, as well as the misuse of a client trust account in each matter. The referee also concluded that Attorney Schalow failed to cooperate with the disciplinary authorities in their investigation of allegations of his misconduct.

We accept the referee's findings of fact concerning Attorney Schalow's conduct and, with some modification, agree with the referee's conclusions that such conduct constituted professional misconduct. We determine that the misconduct warrants the imposition of the most severe discipline, namely, the revocation of Attorney Schalow's license to practice law. Our determination is based on the following: Attorney Schalow violated his ethical duty to a client and to fellow partic-

ipants in a business venture who, although not clients, were encouraged to and did rely on his position as an attorney; his conduct was intentional; the injury, both actual and potential, caused by the misconduct was serious.

Attorney Schalow was admitted to practice law in Wisconsin in 1958 and practiced in Milwaukee. In 1982 his membership in the State Bar of Wisconsin (State Bar) was suspended for nonpayment of association dues and for noncompliance with the court's continuing legal education rules, SCR chapter 31. As a consequence, he became ineligible to practice law. SCR 10.01(1), 10.03(6). He subsequently left the state and moved to Florida. The referee in this disciplinary proceeding is Attorney Robert P. Harland.

Before reviewing the referee's findings and conclusions concerning Attorney Schalow's conduct, we consider the jurisdictional and procedural issues raised by Attorney Schalow. The first of these is his contention that the Board of Attorneys Professional Responsibility (Board) had no jurisdiction to bring this disciplinary action for the reason that in February, 1984, he had sent a letter to the State Bar advising that he had retired from the practice of law and, by that letter, was submitting his voluntary resignation as a member of the State Bar, pursuant to SCR 10.03(7). Following its customary procedure, the State Bar responded by sending Attorney Schalow a petition for voluntary resignation form, which he was directed to complete and return. Attorney Schalow never filed that form or took any other action in attempting to resign from membership in the State Bar.

From the outset of this proceeding, Attorney Schalow maintained that his letter was sufficient to effectu-

ate his voluntary resignation from the State Bar and that, consequently, the Board lacked jurisdiction to bring this proceeding. Appearing before the referee, he requested and received a postponement of the proceeding in order to bring a petition for supervisory writ in this court on this jurisdictional issue, but he later chose not to do so. The referee then ruled, on the basis of SCR 10.03(7), that Attorney Schalow had not effectively resigned from the State Bar and that the Board had jurisdiction to commence this disciplinary proceeding.

The referee's ruling was correct. The court's rule concerning voluntary resignation from membership in the State Bar, SCR 10.03(7), requires not only a written notice from the member surrendering his or her license to practice law, but also the acceptance by this court of that proffered resignation. It provides, in pertinent part, "If a member of the state bar files with the executive director a written notice of the member's surrender of his or her license to practice law and the acceptance by the supreme court of his or her resignation in the state bar, the person shall then cease to be a member of the state bar and his or her name shall be removed from the membership register." Because Attorney Schalow failed to complete and return the resignation form sent in response to his letter, the State Bar had no formal document to forward to the court for acceptance under that rule. As a consequence, Attorney Schalow never effectively resigned from membership in the State Bar.

Moreover, even if that letter had been effective to bring about Attorney Schalow's resignation, it would not necessarily follow that the Board lacked jurisdiction to bring a disciplinary proceeding against him.

5

The misconduct alleged in the Board's complaint had occurred at a time when Attorney Schalow was a member in good standing of the State Bar, and his attempted resignation came at a time when he was under investigation by the Board for serious allegations of unprofessional conduct. We have recently held that permitting a voluntary resignation or retirement from the practice of law is not an acceptable response to an attorney's unprofessional conduct. *Disciplinary Proceedings Against Wortley,* 126 Wis. 2d 58, 374 N.W.2d 898 (1985); *Disciplinary Proceedings Against Snyder,* 127 Wis. 2d 446, 380 N.W.2d 367 (1986).

Attorney Schalow's second jurisdictional argument, that the court lacked jurisdiction in this proceeding because the Board's complaint was not verified, is without merit. The rules of civil procedure, which are applicable to attorney disciplinary proceedings, SCR 22.23, do not require verification of a complaint unless otherwise specifically provided by rule or statute. Section 802.05, Stats. There is no statutory or rule provision specifically requiring complaints in attorney disciplinary actions to be verified.

We turn now to Attorney Schalow's contentions that the referee committed procedural errors in the course of the disciplinary proceeding prior to hearing sufficient to require remand or dismissal of the proceeding. First, as a sanction for his failure to comply with a discovery order, the referee struck Attorney Schalow's answer to the Board's complaint and ordered the proceeding to be conducted as a default. Attorney Schalow contended that this was improper and denied him due process.

The referee's report contains a lengthy summary of the proceedings prior to hearing. That summary dis-

closes that Attorney Schalow failed to attend, in person or by counsel, the scheduling conference, failed to file his answer to the Board's complaint as directed by the referee, failed to timely provide a list of witnesses he expected to call at the hearing, and three times refused to answer questions at his deposition during the Board's discovery. Finally, in response to the Board's motion to compel discovery and to impose sanctions for noncompliance with discovery, the referee ordered Attorney Schalow to appear before him to complete his deposition and awarded motion costs to the Board.

At that deposition before the referee, Attorney Schalow refused to answer questions relevant to the disciplinary proceeding, and when the referee asked him whether he was invoking the privilege against self-incrimination, Attorney Schalow responded that he was not. Subsequently, the referee granted the Board's motion for the imposition of sanctions for Attorney Schalow's failure to comply with an order for discovery and directed that the matter proceed as a default, although he afforded Attorney Schalow the opportunity to cross-examine the Board's witnesses at the hearing. Notwithstanding Attorney Schalow's claims that this sanction was imposed as punishment for contempt, the record is clear that the referee ordered the default for his failure to complete the deposition. This sanction is authorized by sec. 804.12(2)(a), Stats., and is within the referee's discretion, provided it is not imposed as punishment for contempt. *Disciplinary Proceedings Against Haberman,* reconsideration denied, 128 Wis. 2d 390, 382 N.W.2d 439 (1986).

We also reject Attorney Schalow's second procedural argument that the referee erred by refusing to direct the Board to answer interrogatories served on

7

it during discovery. The record discloses that, prior to the date the answers to the interrogatories were due, the Board requested and received a stay of further discovery proceedings until the completion of Attorney Schalow's deposition. As that deposition was never completed, it never became necessary for the Board to answer those interrogatories. Further, once the referee ordered Attorney Schalow's answer stricken and the matter to proceed as a default, Attorney Schalow was no longer in a position to compel discovery.

Having thus disposed of the jurisdictional and procedural issues, we now consider the referee's findings of fact and conclusions of law concerning Attorney Schalow's conduct in the two matters. In the first of these, Attorney Schalow obtained a loan on behalf of a client, Clark, who owned a restaurant business. Attorney Schalow had represented Clark for more than 15 years, and when Clark asked him for help in obtaining a loan for business purposes, Attorney Schalow arranged for a loan from a company's pension and profit sharing plan trust, working through the trustee, Fischer. Attorney Schalow gave Clark a $75,000 note and a mortgage of the corporation's property as security for the note to be signed by two officers of the restaurant corporation. He did not, however, inform Clark or the corporate officers of either the identity of the lender or the terms of the loan. Clark testified that Attorney Schalow had told him the loan could not be obtained if Clark were to know the identity of the lender. The loan arrangement also required that Attorney Schalow personally guarantee the note, which he did, and provided for a payment to Fischer of $10,000 "up front" from the loan proceeds.

The following facts disclosed by the record deserve to be noted, although they were not included in the referee's findings. At the time the mortgage was given as security for the note, the restaurant corporation was in bankruptcy. Although he was aware of that fact, Attorney Schalow did not disclose it to Fischer, and the mortgage was subsequently set aside by the bankruptcy court. Fischer testified that he looked to Attorney Schalow for payment of the note on his personal guaranty but that Attorney Schalow had not made any payment.

Attorney Schalow closed the loan on November 30, 1981, but did not inform Clark of the closing nor of his receipt of a cashier's check in the amount of $65,000 payable to "Attorney James C. Schalow Trust Account." Attorney Schalow deposited the check into that account, but he did not notify Clark or the restaurant corporation that he had done so. Clark did not learn that the loan had actually been made for more than two months following the closing, and then only after the restaurant corporation received a notice from the trustee-lender advising that the first quarterly interest installment was due.

Once he received the loan proceeds and deposited them into his trust account, Attorney Schalow began to write checks on that account, drawing it down to a balance under $300 in less than one month. None of the money withdrawn by Attorney Schalow went to his client as loan proceeds; the checks drawn on that account were for purposes unrelated to his client, many in payment of Attorney Schalow's personal obligations. The referee concluded that Attorney Schalow's conduct in this matter was false and fraudulent, in viola-

tion of SCR 20.04(4),[1] and that he misused his client trust account and client funds deposited in it, in violation of SCR 11.05.[2]

In the second matter, Attorney Schalow, although not acting as attorney, participated in a business venture attempting to purchase and develop recreational land. Attorney Schalow proposed to be one of the investors in the venture and to act as intermediary between them and the owner of the property. At the disciplinary hearing two investors testified that Attorney Schalow had insisted the investment funds be placed in his trust account, even after some of the investors expressed a preference that their money be put in an interest-bearing account. They also testified that Attorney Schalow insisted he be the only person to deal with the seller.

In the summer and fall of 1980, Attorney Schalow received $80,000 from several investors, representing their participation in the venture. He deposited those funds in several bank accounts, one of which was a trust account. Of those funds, Attorney Schalow used all but $36,000 for purposes other than the business venture, mostly for his personal use and the payment of personal obligations.

---

[1] SCR 20.04 provides: "A lawyer shall not:

". . .
"(4)   Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2] SCR 11.05(1) provides, in pertinent part, "A member of the state bar shall not commingle the money or other property of a client with his or her own, and he or she shall promptly report to the client the receipt by him or her of all money and other property belonging to the client. . . ."

10

In its complaint, the Board had alleged that Attorney Schalow's conduct in this matter constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4), and was an abuse of his trust account, in violation of SCR 11.05 and 20.50. However, making no reference to these or any other rules of professional conduct, the referee concluded that Attorney Schalow's conduct demonstrated "a lack of integrity and honesty, which integrity and honesty are essential for one to be, and to remain, a member of the Bar."

Further, in connection with the Board's investigation of this second matter, Attorney Schalow failed to produce his trust account records, which the Board had subpoenaed. He maintained that those records had been stolen from his vehicle. Notwithstanding that he was unable to resolve the question whether those records were within Attorney Schalow's control when the demand for them was made, the referee concluded that Attorney Schalow's failure to cooperate with the Board was clear and was in violation of SCR 22.07(2) and (3).

In his appeal from the referee's report, Attorney Schalow set forth numerous grounds on the basis of which he argued that this disciplinary proceeding should be dismissed or, at least, remanded to the referee for further proceedings. With respect to the referee's findings of fact, he contended that the Board failed to meet its burden to prove by clear and convincing evidence that he was guilty of conversion and had engaged in conduct involving "dishonesty, fraud, deceit or misrepresentation" in the Clark matter. Attorney Schalow insisted that he had obtained the loan not for Clark but for himself, albeit using Clark's corporate property as security. However, the lender, Fischer, testified that he

11

had loaned the money believing Attorney Schalow to be part of the restaurant corporation.

In support of his contention that the loan was made to him, not to his client, Attorney Schalow argued that an adverse inference should have been drawn from the fact that the Board did not call as witnesses the corporate officers who signed the note and mortgage. He also argued that the referee's finding that he refused to disclose the identity of the lender or the terms of the loan was not supported by the evidence.

Each of these arguments is without merit. As to the first, the referee's findings are based on the testimony of Clark, the person who had direct contact with Attorney Schalow concerning the loan. Regarding the second, Attorney Schalow testified at his deposition, prior to his refusal to answer questions, that he had prepared two notes, one in blank and one filled in, and could not recall which of the two he had given Clark to be signed by the corporate officers. Clark testified at the hearing that Attorney Schalow would not disclose the name of the lender or the terms of the loan and that the note and mortgage were in blank. This evidence is sufficient to support the referee's findings.

Attorney Schalow also contested the referee's finding concerning his conduct in the Clark matter on the ground that the Board failed to establish the essential elements of the torts of misrepresentation and conversion. That argument, too, has no merit. It is unnecessary to either plead or prove the tort of conversion or the tort of misrepresentation in order to establish by clear and convincing evidence that an attorney has violated a rule of professional conduct, here SCR 20.04(4), proscribing attorney conduct involving dishonesty,

fraud, deceit or misrepresentation. *See Disciplinary Proceedings Against Srenaski,* 105 Wis. 2d 597, 600, 314 N.W.2d 359 (1982), in which we held that proof of "reliance" is not necessary in order to establish a violation of SCR 20.04(4).

We likewise reject as meritless Attorney Schalow's argument that SCR 20.04(4) is unconstitutionally overbroad. Attorney Schalow attempted to show that the rule prohibited what he claimed was constitutionally protected conduct, namely, the conduct of lawyers participating in labor negotiations and collective bargaining, in certain sales transactions, and in personal injury cases. Attorney Schalow contended that lawyers acting in those matters customarily make misleading statements in the course of representing their clients.

The question of unconstitutional overbreadth and vagueness in the context of judicial and attorney disciplinary rules entails a greater degree of flexibility than it does with respect to criminal statutes. *In the Matter of Seraphim,* 97 Wis. 2d 485, 294 N.W.2d 485 (1980), *Disciplinary Proceedings Against Rabideau,* 102 Wis. 2d 16, 306 N.W.2d 1 (1981). Our rule, SCR 20.04(4), while set forth in general and, arguably, less than definite terms, is neither so indefinite as to leave a lawyer, at his or her peril, to guess its meaning nor so lacking in ascertainable standards as to render it constitutionally infirm.

In another constitutional argument, Attorney Schalow contended he was effectively denied his constitutional right against self-incrimination. He argued that negative inferences should not be permitted to be drawn from the fact that an attorney exercises that right in a disciplinary proceeding. There is no merit to that contention. Attorney Schalow never invoked the

13

self-incrimination privilege, even when specifically asked whether he wished to do so. Moreover, the drawing of a negative inference against a party invoking that privilege in a civil case or in an attorney disciplinary proceeding is proper, *State v. Postorino,* 53 Wis. 2d 412, 417, 193 N.W.2d 1 (1972), *Disciplinary Proceedings Against Haberman,* 126 Wis. 2d 411, 427, 376 N.W. 2d 852 (1985).

We next consider Attorney Schalow's contentions that the referee erred in recommending discipline for violations of several of the court's rules of professional conduct. The referee concluded that in the loan matter Attorney Schalow violated SCR 11.05, which requires attorneys to maintain client trust accounts and proscribes certain conduct with respect to those accounts. Attorney Schalow argued that, because this rule is not among those comprising the Code of Professional Responsibility, SCR chapter 20, it is not a disciplinary rule for the violation of which he may be disciplined.

The argument that an attorney may be disciplined only for violation of the disciplinary rules set forth in SCR chapter 20 is patently erroneous. The rule setting forth grounds for attorney discipline states, in part, "An attorney is subject to discipline for misconduct. Misconduct is conduct that violates: . . . A statute, *court rule,* or court order regulating the conduct of attorneys. . . ." (Emphasis supplied.) SCR 21.05. As noted above, SCR 11.05(1) prohibits a lawyer from commingling money or other property of a client with his or her own and requires the lawyer to promptly report to the client the receipt of all money and other property belonging to the client. Consequently, a violation of

SCR 11.05 subjects an attorney to discipline for misconduct, as that term is defined in SCR 21.05.

Furthermore, the Code of Professional Responsibility includes a rule, SCR 20.50, which provides as follows:

"(2) A lawyer shall:

"(a) Promptly notify a client of the receipt of the client's funds, securities or other properties.

"(b) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(c) Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

"(d) Promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive."

We conclude that the referee's findings, amply supported by the evidence, establish that Attorney Schalow violated that disciplinary rule, as the Board had alleged in its complaint, notwithstanding the referee's failure to so conclude. While we are, in a sense, bound by the referee's findings of fact, to the extent that we will adopt them if they are not clearly erroneous, *Disciplinary Proceedings Against Swartwout,* 116 Wis. 2d 380, 382, 342 N.W.2d 406 (1984), we are not similarly bound by the conclusions of law the referee makes or fails to make. *Disciplinary Proceedings Against Hetzel,* 118 Wis. 2d 257, 259, 346 N.W.2d 782 (1984), *cert. denied,* 105 S. Ct. 186 (1984).

Attorney Schalow also contended the referee erred by recommending discipline for his failure to cooperate with the Board in its investigation of this matter, in violation of SCR 22.07. He again argued that this is not a rule of conduct under SCR chapter 20 and that, consequently, he may not be disciplined for violating it. We reject that contention for the reason set forth above; moreover, the rule itself states: "Failure to provide information or misrepresentation in a disclosure [during the course of a Board investigation] is misconduct" and "[f]ailure of the respondent to answer questions, furnish documents or present relevant information is misconduct." SCR 22.07(2) and (3).

Attorney Schalow next argued that the referee improperly recommended the imposition of discipline for his having violated that portion of one of the provisions of SCR chapter 20 which was not a "disciplinary rule" but, rather, an "ethical consideration." Unlike disciplinary rules, which are mandatory in nature and the violation of which may subject an attorney to discipline, the ethical considerations contained in the Code of Professional Responsibility are "aspiration in character and represent the objectives toward which every member of the profession should strive. They constitute a body of principles upon which the lawyer can rely for guidance in many specific situations." SCR 20.02. The referee concluded that Attorney Schalow's conduct in the loan matter violated SCR 20.02, an ethical consideration which exhorts lawyers to assist in maintaining the integrity of the legal profession.

It is true that an attorney would not be subject to discipline for the violation of an ethical consideration without also having violated a disciplinary rule. We

note, however, that the disciplinary rule which the referee concluded Attorney Schalow had violated in the loan matter, SCR 20.04, is one of the disciplinary rules set forth under ethical consideration, SCR 20.02. Thus, the referee's inclusion of that ethical consideration in his report was gratuitous and not prejudicial.

Attorney Schalow also argued that the referee erred in recommending that he be disciplined for his conduct in the business venture. In that regard, the referee's conclusions did not refer to any specific disciplinary rules or to any other court rules, even though the Board's complaint had alleged violations of SCR 20.04(4)—conduct involving dishonesty, fraud, deceit or misrepresentation; SCR 11.05—commingling client and personal funds in a trust account; and SCR 20.50—failure to account for and return client funds held in trust. Instead, the referee concluded that Attorney Schalow's conduct demonstrated "a lack of integrity and honesty, which integrity and honesty are essential for one to be, and to remain, a member of the Bar." It is Attorney Schalow's contention that the referee recommended the imposition of discipline for what he concluded to be a general unfitness to practice law. This, he argued, is improper, for the Board had made no such allegation in its complaint, and the standards apparently employed by the referee are not a matter of court rule and are unconstitutionally vague.

The referee's conclusion that Attorney Schalow lacked the integrity and honesty necessary to be licensed to practice law is not a proper basis on which to impose discipline because it states the "ultimate" conclusion, that is, that Attorney Schalow's conduct demonstrated his unfitness to practice law, without the referee's first having concluded that the conduct vio-

17

lated specific rules of professional conduct. However, we are free to reach our own conclusions concerning rule violations based on facts properly found. We do so here, concluding that Attorney Schalow's conduct in the business venture violated each of the rules set forth in the Board's complaint.

Attorney Schalow attempted to avoid discipline for his conduct in the business venture on the basis that he was not acting as an attorney for the other investors. However, it is not essential to a violation of the rules of professional conduct that the attorney have acted in the context of an attorney-client relationship. *In re Stolen,* 193 Wis. 602, 613, 214 N.W. 379 (1927), *State v. Postorino,* 53 Wis. 2d 412, 419, 193 N.W.2d 1 (1972), *State v. McNamara,* 68 Wis. 2d 701, 714, 229 N.W.2d 698 (1975). Even if it were, Attorney Schalow's participation in the venture with the investors and their money more closely approximated that of an attorney than merely of a fellow investor. He encouraged the investors to rely on his position as an attorney, one who maintained trust accounts, and two investors testified that they did so rely. Attorney Schalow insisted that the investment funds be deposited in his attorney trust account. From this it is clear that Attorney Schalow used his position as an attorney to gain control of the investors' funds. Consequently, his subsequent misappropriation of those funds constituted professional misconduct, notwithstanding the absence of an attorney-client relationship between himself and the investors.

Having determined that the referee's findings of fact are not clearly erroneous, we adopt those findings, and we accept the referee's conclusions based thereon,

with the modifications set forth in this opinion. We agree with the referee that Attorney Schalow's conduct in these matters warrants the imposition of the most severe discipline, namely, the revocation of his license to practice law in Wisconsin. Attorney Schalow intentionally engaged in the misconduct; the degree of actual as well as potential injury was serious; and he violated his professional duty to a client and to those who, at his encouragement, relied on his professional status. His failure to cooperate with the Board in its investigation of these matters served to aggravate the seriousness of that misconduct.

We also determine it appropriate that Attorney Schalow be required to pay the costs of this disciplinary proceeding. Attorney Schalow filed an objection to the statement of costs filed by the Board, and he presented numerous arguments why costs should not be assessed against him in this proceeding, including the allegation that the court's rule providing for the assessment of costs against attorneys in disciplinary proceedings is unconstitutional. Each of those arguments is without merit, and it is not necessary to set them out here. We cannot help but conclude that the substantial amount of costs was due, in large part, to the tactics employed by Attorney Schalow prior to and at the disciplinary hearing.

IT IS ORDERED that the license of James C. Schalow to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within six months of the date of this order James C. Schalow pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that James C. Schalow comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.