# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP948-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Elizabeth Ewald-Herrick, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>    v.<br>Elizabeth A. Ewald-Herrick,<br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST EWALD-HERRICK

| | |
|---|---|
| OPINION FILED: | June 19, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2013AP948-D

STATE OF WISCONSIN        :        IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Elizabeth Ewald-Herrick, Attorney at
Law:

Office of Lawyer Regulation,

      Complainant,

  v.

Elizabeth A. Ewald-Herrick,

      Respondent.

**FILED**

**JUN 19, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. In this disciplinary proceeding, the referee concluded that the Office of Lawyer Regulation (OLR) had proven the one count of misconduct contained in the complaint filed by the OLR against Attorney Elizabeth A. Ewald-Herrick. The OLR claimed that by committing her fourth operating while intoxicated (OWI) offense in five years, Attorney Ewald-Herrick committed a criminal act that reflects adversely on her fitness

as a lawyer and thereby violated SCR 20:8.4(b).[1] Based on this violation, the referee recommended that Attorney Ewald-Herrick be publicly reprimanded and that various conditions be placed on her license directed toward her treatment for alcohol abuse.

¶2 Attorney Ewald-Herrick did not appeal the referee's report and recommendation. Instead, she wrote a letter to this court stating, among other things, that she had no objection to the imposition of a public reprimand, but that she saw no point in complying with and paying for court-ordered alcohol monitoring when she intended to resign her Wisconsin law license. Attorney Ewald-Herrick has since filed a petition to voluntarily resign her law license pursuant to SCR 10.03(7)(a).[2]

¶3 The OLR recommends that this court: (1) publicly reprimand Attorney Ewald-Herrick without any conditions; (2) accept her petition to voluntarily resign her law license; and

---

[1] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

[2] SCR 10.03(7)(a) states as follows:

Voluntary resignation of membership. If a member of the state bar files with the executive director a written notice of the member's surrender of his or her license to practice law and the acceptance by the supreme court of his or her resignation in the state bar, the person shall then cease to be a member of the state bar and his or her name shall be removed from the membership register. Before accepting a resignation, the supreme court shall request from the office of lawyer regulation information concerning whether the attorney is the subject of any pending grievances, investigations, or proceedings.

(3) order the OLR, if Attorney Ewald-Herrick applies for readmission, to investigate whether conditions should be imposed on her license.

¶4 After independently reviewing the record, we determine that the facts as found by the referee demonstrate the misconduct charged by the OLR——a violation of SCR 20:8.4(b). We conclude that Attorney Ewald-Herrick's professional misconduct requires a public reprimand. We grant Attorney Ewald-Herrick's petition to voluntarily resign her Wisconsin law license. We condition any future readmission to the State Bar of Wisconsin on her submission to an alcohol and other drug abuse (AODA) evaluation by a professional AODA counselor or treatment provider, with the results of the evaluation to be submitted to the OLR for its review and consideration. Finally, we conclude that Attorney Ewald-Herrick should be required to pay 50 percent of the costs of this proceeding.

¶5 Attorney Ewald-Herrick has been admitted to practice law in Wisconsin since 1989. Attorney Ewald-Herrick's disciplinary history consists of an October 2008 private reprimand for professional misconduct consisting of a criminal act; namely, a 2007 conviction for third offense OWI. This court held that Attorney Ewald-Herrick's conviction reflected adversely on her honesty, trustworthiness, or fitness as a lawyer in other respects. See Private Reprimand No. 2008-31; see also SCR 20:8.4(b).

¶6 On April 25, 2013, the OLR filed a complaint against Attorney Ewald-Herrick alleging that in 2012, Attorney Ewald-

3

Herrick pled guilty to and was convicted of a fourth offense OWI. The OLR claimed that by committing her fourth OWI offense in five years, Attorney Ewald-Herrick committed a criminal act that reflects adversely on her fitness as a lawyer and thereby violated SCR 20:8.4(b). The OLR asked this court to publicly reprimand Attorney Ewald-Herrick and to order her to: (1) enter into a monitoring contract with the Wisconsin Lawyers' Assistance Program (WisLAP) with various conditions; and (2) sign reciprocal releases of confidentiality for each treatment provider who is providing or has provided AODA or mental health related treatment or services to her during the preceding five years.

¶7 Attorney Ewald-Herrick admitted service of the OLR's complaint, but did not file an answer.

¶8 On June 17, 2013, the parties filed a written stipulation by which Attorney Ewald-Herrick pled no contest to the SCR 20:8.4(b) violation alleged in the OLR's complaint. The stipulation requested that an assigned referee approve the stipulation and schedule further proceedings to determine the appropriate sanction.

¶9 The referee, Hannah C. Dugan, held several status conferences. Although there is no transcript of these conferences in the record, it appears undisputed that Attorney Ewald-Herrick stated during these conferences that she did not object to a public reprimand. Attorney Ewald-Herrick also stated, however, that because it was her intent to surrender her law license, she saw no reason to agree to the conditions on her

4

license sought by the OLR. Attorney Ewald-Herrick also stated that she did not want to incur the costs associated with any briefing or hearing associated with the OLR's complaint.

¶10 In a written order, the referee directed the parties to brief the issue of "why a hearing or a greater sanction is not appropriate given the facts and the respondent's stated refusal" to enter into a monitoring contract with WisLAP. The OLR filed a brief stating that its sanction recommendation remained unchanged because discipline should not be imposed in anticipation of future non-compliance with a disciplinary order, and because any future non-compliance could be addressed at the time it occurs. Attorney Ewald-Herrick did not file a response to the OLR's brief.

¶11 The referee filed a report on September 30, 2013. The referee accepted Attorney Ewald-Herrick's no contest plea and found that by committing her fourth OWI offense in five years, Attorney Ewald-Herrick committed a criminal act that reflected adversely on her fitness as a lawyer and thereby violated SCR 20:8.4(b). The referee recommended a public reprimand and the imposition of the following conditions:

- Enter into a monitoring contract with WisLAP, via OLR referral, and fully comply with the conditions of the contract, which may include, but may not be limited to:
  - Abstain from using alcohol and other mood-altering substances, unless prescribed by a licensed physician and approved by WisLAP;

o Upon WisLAP's request, undergo an AODA and mental health assessment by a professional selected by WisLAP;

o Comply with all treatments recommended by the assessment or treatment professionals;

o Submit to monitoring by a person selected by WisLAP, comply with all conditions and reporting requirements WisLAP deems appropriate, and comply with all obligations under WisLAP's policies;

o Submit to random alcohol and substance abuse testing as WisLAP determines appropriate; and

o Pay any and all costs incurred for monitoring, including, but not limited to, costs for treatment, random alcohol and drug screens, and other activities required to stay in compliance with WisLAP monitoring conditions.

• Sign reciprocal releases of confidentiality for each treatment provider who is providing or has provided AODA or mental health related treatment or services to Attorney Ewald-Herrick during the preceding five years, so that such treatment providers may share pertinent information with each other, with WisLAP, with the professional selected to conduct an assessment, and with the OLR.

¶12 The referee wrote that these sanctions were appropriate in light of, among other things, Attorney Ewald-Herrick's "statements of intent not to comply with disciplinary

6

orders and marginal cooperation in the disciplinary process," including her failure to file a brief regarding sanctions. The referee wrote that Attorney Ewald-Herrick's statements at the status conferences "do not reflect remorse for the conduct to which she already pled." The referee also stated that Attorney Ewald-Herrick showed an inadequate understanding of the seriousness of her misconduct.

¶13 On October 28, 2013, Attorney Ewald-Herrick filed a letter with the court objecting to certain aspects of the referee's report. Attorney Ewald-Herrick stated that she was not appealing the referee's report and recommendation.[3] Attorney Ewald-Herrick did, however, dispute the referee's charge that she was unremorseful and unaware of the seriousness of her misconduct. Attorney Ewald-Herrick stated that she was fully aware of the seriousness of her misconduct; that she had been sober since August 2012; that she had completed a 28-day in-patient program; that she attends individual counselling weekly; and that she participates in two Alcoholics Anonymous meetings per week. Attorney Ewald-Herrick stated, however, that "I do not believe that I can remain sober while practicing law. As a result, I have decided to leave the practice of law." Attorney Ewald-Herrick also stated that she could not afford the cost of WisLAP monitoring, and that she wanted only "to leave the

---

[3] We note that Attorney Ewald-Herrick's letter, filed October 28, 2013, could not have served as a timely appeal from the referee's September 30, 2013 report and recommendation. Cf. SCR 22.17(1) (appeal from the referee's report must be filed within 20 days after the filing of the referee's report).

practice of law without incurring a huge debt." Attorney Ewald-Herrick stated that although she had no objection to the imposition of a public reprimand, she saw no point in complying with and paying for WisLAP monitoring when she had no intention to practice law.

¶14 Attorney Ewald-Herrick also requested the waiver of costs, which total $1,254.65 as of October 21, 2013. Attorney Ewald-Herrick stated that costs had been "the focus of my concern" throughout the disciplinary proceeding because of her financial troubles. Attorney Ewald-Herrick stated that she urged the referee not to order any briefing because she knew that costs would be assessed against her. Attorney Ewald-Herrick claims that the referee ordered briefing nonetheless because the referee did not know "how to handle a lawyer who agreed with the discipline (a public reprimand) but did not agree to comply with conditions."

¶15 On January 22 and February 13, 2014, this court ordered Attorney Ewald-Herrick to formalize her position. Specifically, the court ordered that she petition the court for a voluntary resignation of her law license, if that was her intent. See SCR 10.03(7). On February 21, 2014, Attorney Ewald-Herrick filed a petition for voluntary resignation.

¶16 This court then ordered the OLR to file a response to Attorney Ewald-Herrick's petition for voluntary resignation, and to specifically discuss whether this court should accept Attorney Ewald-Herrick's resignation. In its response, the OLR recommended that the court accept Attorney Ewald-Herrick's

petition for resignation and publicly reprimand her without any conditions. The OLR further recommended that the court order the OLR, if Attorney Ewald-Herrick applies for readmission, to investigate whether conditions should be imposed on her license.

¶17 After having independently reviewed the record, we adopt the referee's findings of fact. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. We also agree with the referee that those factual findings demonstrate that Attorney Ewald-Herrick committed a criminal act (fourth offense OWI) that reflected adversely on Attorney Ewald-Herrick's honesty, trustworthiness, or fitness as a lawyer in other respects. See SCR 20:8.4(b); see also In re Disciplinary Proceedings Against Brandt, 2009 WI 43, ¶¶42-45, 317 Wis. 2d 266, 766 N.W.2d 194 (holding that a pattern of multiple OWI convictions can demonstrate a serious lack of respect for the law that reflects adversely on an attorney's "fitness as a lawyer in other respects" under SCR 20:8.4(b) and can support a public reprimand). We also agree that a public reprimand is appropriate discipline for Attorney Ewald-Herrick's misconduct in this matter. See Brandt, 317 Wis. 2d 266, ¶45.

¶18 We decline to impose the referee's recommended conditions on Attorney Ewald-Herrick's license (WisLAP monitoring and medical release authorizations for AODA or mental health records). Because we accept Attorney Ewald-Herrick's unopposed petition for voluntary resignation of her law license, there is no need to impose conditions on her license.

¶19 We are mindful of our precedent holding that this court must not allow an attorney to resign from the practice of law in order to avoid the imposition of discipline for unprofessional conduct. See, e.g., In re Disciplinary Proceedings Against Schalow, 131 Wis. 2d 1, 6, 388 N.W.2d 176 (1986); In re Disciplinary Proceedings Against Snyder, 127 Wis. 2d 446, 452-453, 380 N.W.2d 367 (1986). Here, Attorney Ewald-Herrick is not avoiding discipline by resigning her license. As explained above, we have decided to publicly reprimand Attorney Ewald-Herrick for her misconduct. We elect not to impose conditions on a law license that she has decided to surrender.

¶20 We advise Attorney Ewald-Herrick that we take very seriously the fact that her professional misconduct stems from her demonstrated alcohol abuse problem. If Attorney Ewald-Herrick chooses in the future to petition for readmission to the State Bar of Wisconsin, she must submit to an AODA evaluation by a professional AODA counselor or treatment provider; this evaluation will assess Attorney Ewald-Herrick's substance abuse history and current status and make specific recommendations for any necessary continuing treatment. A copy of the written AODA evaluation shall be submitted to the OLR for its review and consideration and shall be maintained by it as confidential.

¶21 Finally, we turn to the issue of costs. Both the OLR and the referee maintain that Attorney Ewald-Herrick should be made to pay the full costs of this disciplinary matter——$1,254.65 as of October 21, 2013——consistent with the court's

10

general practice to levy the full costs of the disciplinary proceeding on the respondent attorney. See SCR 22.24(1m). As mentioned earlier, Attorney Ewald-Herrick asks for a waiver of costs because she is in poor financial shape and because the costs in this case were partially driven by a dispute over possible conditions on her law license—a license she has consistently stated she wanted to surrender.

¶22 We agree with Attorney Ewald-Herrick that a reduction in costs is warranted. It would be unfair to Attorney Ewald-Herrick to impose all of the costs of litigating the conditions to be imposed on a law license that she has resigned consistent with her stated intentions throughout this disciplinary proceeding.

¶23 However, we reject Attorney Ewald-Herrick's assertion that we should assess no costs at all. Attorney Ewald-Herrick has been determined to have committed the misconduct charge brought by the OLR. This misconduct—a violation of SCR 20:8.4(b) caused by a fourth offense OWI conviction—was undeniably serious, and this is the second time that Attorney Ewald-Herrick has been disciplined for a drunk driving conviction. These factors weigh against a reduction in costs. See SCR 22.24(1m)(a), (b), (e).

¶24 On balance, we deem it appropriate to impose 50 percent of the costs on Attorney Ewald-Herrick, or $627.33. Our determination is not the result of the application of a precise mathematical formula, but is based on our thorough consideration

11

of the record, the unusual posture of this case, and the factors set forth in SCR 22.24(1m).

¶25 IT IS ORDERED that Elizabeth A. Ewald-Herrick is publicly reprimanded for her professional misconduct.

¶26 IT IS FURTHER ORDERED that Elizabeth A. Ewald-Herrick's petition for voluntary resignation of her Wisconsin law license is granted and her license is hereby surrendered.

¶27 IT IS FURTHER ORDERED that any future readmission of Elizabeth A. Ewald-Herrick to the State Bar of Wisconsin is conditioned on her submission to an AODA evaluation by a professional AODA counselor or treatment provider. A copy of the written AODA evaluation shall be submitted to the Office of Lawyer Regulation for its review and consideration and shall be maintained by it as confidential.

¶28 IT IS FURTHER ORDERED that within 60 days of the date of this order, Elizabeth A. Ewald-Herrick shall pay to the Office of Lawyer Regulation costs in the amount of $627.33.

¶29 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.