¶ 41.
SHIRLEY S. ABRAHAMSON, J.
(concurring in part and dissenting in part). I disagree with the court's accepting the voluntary resignation from the practice of law. See my dissent in the order dated May 15, 2017, in OLR v. Horsch, No. 2015AP1928-D, addressing the issue of a voluntary resignation during an ongoing OLR proceeding.
*144 ¶ 42. Our case law is clear: The court does not grant an attorney's petition to voluntarily resign from the practice of law when a disciplinary action is pending to avoid the imposition of discipline for unprofessional conduct. See, e.g., In re Disciplinary Proceedings Against Ewald-Herrick, 2014 WI 40, ¶ 19, 354 Wis. 2d 672, 847 N.W.2d 823; In re Disciplinary Proceedings Against Schalow, 131 Wis. 2d 1, 388 N.W.2d 176 (1986); In re Disciplinary Proceedings Against Snyder, 127 Wis. 2d 446, 380 N.W.2d 367 (1986); In re Disciplinary Proceedings Against Wortley, 126 Wis. 2d 58, 374 N.W.2d 898 (1985).
¶ 43. The difficulty with a voluntary resignation is that a lawyer who resigns can "unresign," and the Supreme Court Rules do not set forth a procedure the attorney, the OLR, and the court should follow at that time. It may be difficult at that time to prove misconduct and impose appropriate conditions for readmission.
¶ 44. If the court wants to accomplish the goals of disciplining Attorney Shepherd for misconduct and allowing Attorney Shepherd to terminate his practice of law, I conclude that the court should follow Supreme Court Rule 22.19. Under this rule, Attorney Shepherd would be permitted to file a petition stating that that he cannot successfully defend against the charges and that he petitions for voluntary revocation of his license.
¶ 45. In contrast to resignation, Supreme Court Rule 22.19 provides that an attorney who is the subject of an OLR proceeding may petition for voluntary revocation of his or her license as follows.
SCR 22.19 Petition for consensual license revocation.
(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceed *145 ing may file with the supreme court a petition for the revocation by consent or [sic] his or her license to practice law.
(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.
(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.
(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.
(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.
¶ 46. In contrast to a lawyer who voluntarily resigns, a lawyer whose license has been revoked cannot seek readmission for five years, SCR 22.29(2), and the revocation documents will provide a full record for the court's consideration at the time of readmission. The Rules provide a procedure for investigation upon a *146 request for readmission. If Attorney Shepherd is sincere about not wanting to practice law again, SCR 22.19 seems to fit the instant case.
f 47. For the reasons set forth, I would not accept Attorney Shepherd's voluntary resignation.
¶ 48. I suggest that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, examine the issue of voluntary resignation (and readmission proceedings thereafter) and voluntary revocation by an attorney subject to a discipline proceeding who wishes to terminate his or her practice of law. The instant case is illustrative of a problem.
f 49. For the reasons set forth, I write separately.
¶ 50. I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.