**2025 WI 9**

# Supreme Court of Wisconsin



OFFICE OF LAWYER REGULATION,
*Complainant,*

*v.*

LYNNE LAYBER,
*Respondent.*

No. 2023AP314-D
Decided April 8, 2025

ATTORNEY DISCIPLINARY PROCEEDING

¶1    PER CURIAM.  We review the report of Referee Charles H. Barr, which concluded that Attorney Lynne Layber violated Supreme Court Rule (SCR) 20:8.4(b) as a result of her conviction for fourth-offense operating a vehicle while intoxicated (OWI) and recommended that the court adopt the parties' joint request for the imposition of a public reprimand.[1]

¶2    Having carefully reviewed the record, we adopt the referee's findings of fact that were taken from the OLR's complaint and admitted by Attorney Layber. We also agree with the referee's legal conclusion that Attorney Layber's conduct that resulted in her conviction for fourth-offense

---

[1] Neither party has appealed the referee's report. Consequently, we review the referee's report pursuant to SCR 22.17(2).

OWI constitutes a violation of SCR 20:8.4(b).[2] We further determine that Attorney Layber's misconduct warrants a public reprimand, and we impose the costs of this proceeding against Attorney Layber.

¶3    Attorney Layber was admitted to the practice of law in Wisconsin in June 1992. She currently operates her own law practice in Brookfield. She has not previously been the subject of professional discipline.

¶4    The OWI conviction results from Attorney Layber's conduct on July 4, 2020. On that date, a police officer was driving a patrol car at Sandy Beach Park in Lake Mills. An individual approached the officer and pointed out a vehicle that was leaving the parking lot and was being driven by a female driver. The individual told the officer that the driver appeared to be intoxicated. The officer followed the vehicle for several blocks, observing, inter alia, that the vehicle deviated from its lane.[3]

¶5    The officer stopped the vehicle. He identified Attorney Layber as the driver of the vehicle. During the stop, officers noticed the smell of alcohol on her breath. They learned that at the time, Attorney Layber's driver's license was subject to a legal blood alcohol concentration (BAC) limitation of 0.02% due to her three prior OWI convictions, one of which had occurred in 1991 and two of which had occurred in 1999. The officers asked Attorney Layber to perform field sobriety tests, which she agreed to do. Attorney Layber, however, refused to take a preliminary breath test.

¶6    Based on the lane deviation, the results of the field sobriety tests, and the smell of alcohol on Attorney Layber's breath, the police arrested her and transported her to the Lake Mills police station. The police then obtained a warrant to perform a blood draw. The results of that blood draw showed a BAC of 0.106%.

---

[2] SCR 20:8.4(b) provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[3] Although Attorney Layber's answer to the OLR's complaint initially denied the allegation that her vehicle had deviated from its lane, she admitted an allegation that the officer concluded that she was intoxicated based, in part, on the lane deviation of her vehicle.

¶7 The State charged Attorney Layber with fourth-offense OWI and fourth-offense operating a motor vehicle with a prohibited blood alcohol concentration (PAC). Two days after the criminal complaint was filed, Attorney Layber notified the OLR of the charges.

¶8 Ultimately, Attorney Layber pled no contest to the fourth-offense OWI charge, a Class H felony, and the fourth-offense PAC charge was dismissed. The circuit court sentenced Attorney Layber to six months in jail with Huber release privileges. It also required Attorney Layber to place an ignition interlock device on her car for 33 months.

¶9 Although Attorney Layber admitted these facts as alleged in the OLR's complaint in this proceeding, she denied the claim that her conduct had violated SCR 20:8.4(b). The parties filed cross-motions for summary judgment. Attorney Layber essentially argued that her conduct that led to a conviction for fourth-offense OWI did not "reflect adversely on [her] honesty, trustworthiness, or fitness as a lawyer in other respects." SCR 20:8.4(b). Relying in large part on this court's decisions finding that multiple impaired driving offenses did violate SCR 20:8.4(b), including specifically *In re Disciplinary Proceedings Against Brandt*, 2009 WI 43, 317 Wis. 2d 266, 766 N.W.2d 194 (*Brandt II*), the referee concluded that Attorney Layber's multiple impaired driving offenses constituted a pattern of conduct that showed an indifference to her obligation under the law, which reflected adversely on her fitness as a lawyer. The referee also pointed to the fact that Attorney Layber's BAC was more than five times higher than the limit that applied to her at the time of this offense. Moreover, she made a specific choice to operate a motor vehicle on a public street after having consumed a considerable amount of alcohol. The referee therefore granted the OLR's summary judgment motion and concluded as a matter of law that Attorney Layber had violated SCR 20:8.4(b) under these specific, undisputed facts.

¶10 Following the referee's summary judgment order, the parties entered into a stipulation, in which they agreed that the appropriate sanction for Attorney Layber's misconduct was a public reprimand and jointly requested that the referee recommend that level of discipline. The stipulation contained the standard representations and waivers of rights by Attorney Layber.

¶11 Since the referee had already determined that Attorney Layber's conduct had constituted a violation of SCR 20:8.4(b), the referee's final report focused primarily on his recommendation as to the appropriate

level of discipline. He began with the premise that the American Bar Association Standards for Imposing Lawyer Sanctions (the ABA Standards) provide that a private reprimand is generally appropriate when a lawyer commits a criminal act that does not involve dishonesty, fraud, deceit, or misrepresentation or that does not involve other types of aggravated conduct. ABA Standards, § 5.1.

¶12 He noted that there were both aggravating and mitigating factors present in this case. On the aggravating side of the ledger, Attorney Layber's four impaired driving offenses constituted a pattern of misconduct, although more than two decades had passed before the most recent offense. In addition, her misconduct was illegal, although the ethical rule she violated by its terms already contemplates illegal conduct.

¶13 On the mitigating side of the balance, Attorney Layber has not previously been the subject of professional discipline, there was no dishonest or selfish motive present, she exhibited a cooperative attitude toward the OLR's investigation and this disciplinary proceeding (e.g., reporting the charge against her and stipulating to a level of discipline), she already received substantial penalties in the criminal action, and the prior offenses that rendered this offense a felony were quite remote in time.

¶14 Ultimately, the referee determined that these mitigating factors appeared to outweigh the aggravating factors, which would have supported the imposition of a private reprimand. Nonetheless, he concluded that a public reprimand was appropriate under the circumstances present here. He pointed to the fact that Attorney Layber's BAC was five times the legal limit for her under the license restriction due to her previous offenses. Although Attorney Layber claimed that she was unaware of the lower limit because it had become law after her 1999 offenses, it was her responsibility to be aware of that limit and to conform her conduct accordingly. In any event, her BAC was over the limit applicable to drivers with no prior impaired driving offenses. In addition, the referee noted that the circuit court judge in the criminal action found this to be a serious offense, imposing consequences that substantially exceeded the minimum penalties for fourth-offense OWI. The referee also pointed to comments previously made by members of this court in similar cases regarding the seriousness of OWI offenses and the need for stronger levels of discipline.

¶15 When we review a referee's report, we will affirm a referee's findings of fact unless they are found to be clearly erroneous, but we review

the referee's conclusions of law on a de novo basis. *In re Disciplinary Proceedings Against Inglimo*, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. *In re Disciplinary Proceedings Against Widule*, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶16    The facts found by the referee were admitted by Attorney Layber in her answer to the OLR's complaint. Consequently, we adopt those facts.

¶17    Although Attorney Layber argued initially before the referee that her conduct in operating a vehicle while intoxicated for the fourth time was not a violation of SCR 20:8.4(b), she has not appealed from the referee's legal conclusion of a violation of that rule. If she had, we would have rejected that argument under the facts of this case.

¶18    As the referee noted, we addressed the issue of whether multiple convictions for driving while intoxicated could constitute a violation of a former version of SCR 20:8.4(b) in the 2009 *Brandt II* decision. In that opinion, we acknowledged that we have not held that multiple convictions for intoxicated driving automatically violate SCR 20:8.4(b) and that each case must be considered on its own particular facts. 317 Wis. 2d 266, ¶42. Nonetheless, under the facts of that case, where Attorney Brandt had been convicted of intoxicated driving on five occasions, three of which had occurred in 2005 and 2006, we concluded that his multiple instances of driving while intoxicated demonstrated "a pattern of misconduct that evinces a serious lack of respect for the law and as such relate to his 'fitness as a lawyer in other respects.'" *Id.* (quoting former SCR 20:8.4(b)). Consequently, we concluded that Attorney Brandt had violated former SCR 20:8.4(b). *Id.* Given that misconduct and his additional failure to supervise a non-attorney employee, we imposed a public reprimand and conditions on Attorney Brandt. *Id.*, ¶45.

¶19    We have also found violations of SCR 20:8.4(b) in a number of subsequent disciplinary proceedings where the respondent attorney had been convicted of an intoxicated driving offense after multiple prior offenses. *E.g., In re Disciplinary Proceedings Against Horsch*, 2020 WI 10, ¶12, 390 Wis. 2d 99, 937 N.W.2d 925 (accepting a stipulation which provided, in part, that Attorney Horsch's fifth or sixth OWI offense demonstrated a pattern of conduct that violated SCR 20:8.4(b)); *In re Disciplinary Proceedings Against Ewald-Herrick*, 2014 WI 40, ¶4, 354 Wis. 2d 672, 847 N.W.2d 823

(affirming Attorney Ewald-Herrick's no-contest plea that by committing a fourth OWI offense in five years, she had violated SCR 20:8.4(b)); *In re Disciplinary Proceedings Against Steinhafel*, 2013 WI 93, ¶19, 351 Wis. 2d 313, 839 N.W.2d 404 (declaring Attorney Steinhafel to be in default and agreeing with the referee's legal conclusion that Attorney Steinhafel's conviction for a third offense of operating a vehicle while under the influence of an intoxicant, with a minor child in the vehicle, constituted a violation of SCR 20:8.4(b)); *In re Disciplinary Proceedings Against Brandt*, 2012 WI 8, 338 Wis. 2d 524, 808 N.W.2d 687 (*Brandt III*) (adopting a stipulation that Attorney Brandt's conviction for a sixth offense of impaired driving, after a period of multiple years with no such offenses, constituted a violation of SCR 20:8.4(b)).

¶20 Like the referee, we recognize that there was a substantial period of time between Attorney Layber's previous impaired driving offenses and the offense that is the subject of this disciplinary proceeding. Nonetheless, we conclude that the facts in this case support a conclusion that there is a pattern here of Attorney Layber making the decision to disregard the law and get behind the wheel of a vehicle after becoming impaired due to alcohol consumption. It is important in this regard to note that we are not finding an ethical violation here merely for ingesting alcohol, which we recognize can pose physical and mental difficulties for some people. The violation here stems from the disregard of the law as shown by a decision made by Attorney Layber to operate a dangerous machine and thereby imperil her fellow citizens after having ingested a substantial amount of alcohol. Moreover, we are not dealing here with an isolated occurrence, where Attorney Layber made one decision to disobey the law. Although Attorney Layber knew from her previous convictions/citations that there would be serious consequences for driving while intoxicated, she once again chose to ignore the law and thereby to place the public at risk. This decision, even if made while impaired, reflects adversely on her fitness as a lawyer and an officer of the court, who should be providing an example of respect for the law. Consequently, we conclude that Attorney Layber's most recent felony conviction for OWI, based on a BAC well above the restriction on her operating privileges and even above the legal limit for individuals without any restriction, constitutes a violation of SCR 20:8.4(b).

¶21 Having found a violation, we address the appropriate level of discipline. We conclude that a public reprimand is appropriate for the facts of this case. First, we note that Attorney Layber stipulated to this level of

discipline after the referee granted the OLR's summary judgment motion with respect to the violation of SCR 20:8.4(b).

¶22    Further, we have imposed a public reprimand in analogous circumstances. In *Ewald-Herrick*, the attorney had been convicted of her fourth OWI offense, and we determined that a public reprimand was appropriate. 354 Wis. 2d 672, ¶17. Ewald-Herrick's OWI offense was her fourth such offense in five years and she had a prior private reprimand for her third OWI offense. This is slightly more serious than Attorney Layber's situation where she has not previously been the subject of professional discipline and there was a two-decade period of time between her last OWI offense and the offense at issue. On the other hand, Attorney Ewald-Herrick demonstrated that she had taken specific, concrete steps to address her alcohol problems, including completing an in-patient treatment program, attending weekly individual counselling sessions, participating in two Alcoholics Anonymous meetings per week, and petitioning for the consensual revocation of her law license because she realized that in order to remain sober she needed to leave the practice of law. Attorney Layber has not provided this court with any similar facts that demonstrate she recognizes the seriousness of her situation and is taking affirmative steps to avoid any similar offense in the future. In addition, Attorney Layber's BAC was five times the limit that was applicable for her. Imposing a private reprimand in these circumstances would unduly depreciate the seriousness of Attorney Layber's misconduct. Consequently, we conclude that a public reprimand is warranted in this case.

¶23    Finally, we turn to the issue of costs. This court's general practice has been to impose the full costs of the disciplinary proceeding when a respondent attorney has been found to have committed professional misconduct, thereby necessitating the time and expenses incurred by both the OLR and the referee. *See* SCR 22.24. It is also worth noting that Attorney Layber has not objected to the statements of cost submitted by the OLR and the referee. Consequently, we require Attorney Layber to pay the full costs of this disciplinary proceeding.

¶24    IT IS ORDERED that Attorney Lynne Layber is publicly reprimanded for her professional misconduct.

¶25    IT IS FURTHER ORDERED that, within 60 days of the date of this order, Attorney Lynne Layber shall pay the full costs of this proceeding, which total $3,699.19 as of March 4, 2024.